**STATE ex rel. BUTCHOFSKY**

v.

**CRAWFORD et al.**

No. 5066.

Court of Civil Appeals of Texas.

El Paso.

June 22, 1954.

William E. Clayton, Dist. Atty., Lawrence M. Welsch and Glenn E. Woodard, El Paso, for appellant.

R. E. Crawford and Isaacks & Ward, El Paso, for appellees.

PER CURIAM.

This is an appeal from a decision of the 34th District Court of El Paso County, Texas, denying the petition of appellant herein, which petition asks that defendant Carl A. Longuemare, Chairman of the El Paso County Democratic Executive Committee, be required to strike the name of R. E. Crawford as a candidate for the office of Justice of Peace, Precinct No. 1, in the July Democratic primary, from the ballot thereof, and which decision further directs the said Longuemare to place the name of R. E. Crawford on said primary ballot for the said July primary. As will appear, this is a quo warranto proceeding.

In addition to the very able briefs of counsel filed herein, we have carefully considered the opinion of trial Judge Roy D. Jackson, heretofore filed in the proceedings in the 34th District Court and now before us in transcript, and the able discussion of authorities contained therein, and have reached the conclusion that such opinion is correct and sound and expresses the conclusions reached by this court, and that nothing more need be said. For that reason, and in order to conserve time, said opinion of Judge Jackson is adopted as the opinion of this court, and a copy thereof is included and made a part of our opinion:

"This suit is brought in the nature of a quo warranto proceeding by Relator William Ray Butchofsky, through the District Attorney of the Thirty-Fourth Judicial District of Texas, to determine the right of R. E. Crawford to have his name placed on the ballot as a candidate for Justice of the Peace, Precinct 1, El Paso County, Texas, at a Democratic primary election to be held July 24, 1954.

"Mr. Crawford now holds that office and is seeking re-election. He regularly filed as a candidate and no other person had filed at the closing date fixed by law for such filing.

"Under Texas Election Code each candidate for nomination at such primary election is required to keep a record of all gifts, loans of money, or other valuable things received by him, and of all debts incurred. Article 14.08(b) of the Code, requires each candidate to file such sworn statement on a form thereinafter set out. Candidates for

County and Precinct offices are to file said account with the County Clerk, and District and State Officers, as those terms are defined, to file with the Secretary of State. This article further specifically provides:

" 'Such sworn statements shall and must be filed at intervals of twenty (20) days beginning sixty (60) days next preceding the date of any election in which the candidate's name appears on the ballot, provided, however, that a sworn statement shall be filed not more than five (5) nor less than two (2) days prior to the date of the election in which the candidate's name appears on the ballot.'

"Provision is also made for additional statements to be filed on dates prescribed. Among the various other provisions this article provides:

" '(h) Any candidate failing to file such sworn statement at the time provided or swearing falsely therein shall forfeit his right to have his name placed upon the ballot at any subsequent primary, special, or general election.'

"Article 14.09 provides, among other things, that proceedings by quo warranto, to determine the right of any candidate alleged to have violated any provision of this chapter, to have his name placed on the primary ballot, may be instituted by any citizen and voter in the District Court. Quo Warranto proceedings can only be instituted by such citizen through the Office of the County Attorney, the District Attorney, or the Attorney General; hence, the appearance of the District Attorney in this cause.

"May 25, 1954 was sixty (60) days before the primary election on July 24, 1954; hence, it was the day on which the sworn statements required should have been filed with the County Clerk, or the Secretary of State, respectively.

"Mr. Crawford did not file a statement with the County Clerk on May 25, but did file it at nine A.M. on May 26, 1954.

"Various technical objections have been made to this proceedings; the respondent claiming that he is entitled to 20 days service before his appearance, and also questions the authority of the District Attorney to bring proceedings of this nature. All technical objections are hereby overruled and the Court will consider the case upon the merits.

"Proponent herein contends that such delay in the filing of the statement required forfeits Mr. Crawford's rights to have his name appear on the ballot and that it is the duty of this Court to require those charged with preparing the primary ballot to leave his name off such official ballot.

"The Respondent contends that the language used as to the date of filing such statement is directory and not mandatory, and that by filing at 9:00 A. M. of the day following May 25, 1954 he had substantially complied with said statute, and has not forfeited his right to have his name appear upon the official ballot.

"The first article of this code sets out the Legislative intent of its enactment in the following language: Section 1, Chapter 1, V.A.T.S., Art. 1.01.

" 'The aim in adopting this Code is to state in plain language the laws governing the nomination and election of officers and of holding other elections, to simplify, clarify, and harmonize the existing laws in regard to parties, suffrage, nominations, and elections, and to safeguard the purity of the ballot box against error, fraud, mistake and corruption, to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 1.'

"Both the old election code and the new code require candidates for nomination to file their applications to have their names placed on the ballot with the designated

official by a fixed date. The Code provides:

"'If said name is not submitted or filed within said time, same shall not be placed upon said ballot.'

"Our appellate courts have held this provision mandatory. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570, by the Supreme Court, under the old code, and McWaters v. Tucker, Tex.Civ.App., 249 S.W.2d 80 under the new code. These cases are cited by the Proponent as authority for his position that provisions for the time of filing various required statements under the election code are mandatory. Respondent points out the distinction in this provision and that of the statement as to finances; in that the time of filing for a place on the ballot is open for a long period of time, but that it must be closed at some fixed point and the statute specifically says that on that date it is closed and no name received thereafter, while the filing of financial statements begin at a fixed date and provides for a series of additional statements to be filed thereafter, each statement including items previously reported.

"A general statement as to the requirements of filing of statements of expenditures is set out in 18 Am.Jur., page 338, as follows:

"'Such statutes are designed to compel publicity with respect to matters contained in the statements and to prevent, by such publicity, the improper use of monies devoted by candidates to the furtherance of their ambitions. Under most statutes the penalty imposed for failure to file the required statements is disqualification for, or forfeiture of, office * * *.

"'The statutory requirements with respect to the filing of statements as to expenditures and publicity must be at least substantially complied with, although provisions as to the time of filing are sometimes held to be directory.'

"The issue before the Court is to determine whether the language of the primary election statutes heretofore referred to, governing primary elections requiring the filing of sworn statements as to expenditures are in all things mandatory or merely directory. We find no case in the State of Texas under this statute that is directly in point. In construing the meaning of the language, the Court must refer to decisions in other states of the same subject matter and through opinions of our own state which indicate what interpretation the Court should give a statute of this nature.

"McCreary on Elections, § 227, states:

"'But these rules are only means. The end is the freedom and purity of the election. To hold these rules all mandatory and essential to a valid election is to subordinate substance to form, the end to the means. If we keep in view these general principles, and bear in mind that irregularities are generally to be disregarded, unless the statute expressly declares that they shall be fatal to the election, or unless they are such in themselves as to change or render doubtful the result, we shall find no great difficulty in determining each case, as it arises under the various statutes of the several states.'

"American and English Encyclopedia of Law, Volume 26, Page 689, says:

"'Statutory prescriptions in regard to time, form, and mode of proceeding by public functionaries are generally directory, as they are not of the essence of the thing to be done, but are simply given with a view to secure system, uniformity, and dispatch in the conduct of public business.'

"Black on Interpretation of Laws, Page 336, states:

"'It does not necessarily follow that because a statute is directory in some of its parts or provisions, or in some of its aspects, or as to some of the

persons who are to act under it, it must be held directory throughout its whole extent. It is most frequently the case that some particular clause or provision of the act is construed as directory only, while the remainder is to be construed as imperative. The two classes of provisions may even coexist in the same section or other division of the enactment. For example, when an act directs a certain officer to take certain action within a certain time, it may be directory as to the time of performance, but mandatory as to the doing of the act itself.'

"Texas Jurisprudence in Volume 39, § 16, page 38, states:

"'A statute authorizing or commanding an act to be performed or a thing to be done, a provision as to time is usually regarded as directory; that is, it does not necessarily follow that a thing which a statute directs to be done at a particular time may not be done afterwards. Nor is it implied that an act for which a statute affirmatively provides will be effectual if it is done at a different time than that prescribed.'

"Supreme Court of Texas, in the case of Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56, 61, quoted with approval Sutherland on Statutory Construction, as follows:

"'"Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by the failure to obey the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated, it will still be sufficient, if that which is done accomplishes the substantial purpose of the statute."'

"In Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625, 630, The Supreme Court of our State, in discussing whether the word 'shall' is mandatory or directory used the following language:

"'The language of the amendment, because of the use of the word "shall" is mandatory in form, but the provision may be treated as directory. The word "shall" in a statute may be and often is "held as merely directory and as having been used in the sense of 'may'." Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 210, 203 S.W. 593, 595; Schlemmer v. Board of Trustees, Tex.Civ.App., 59 S.W.2d 264, application for writ of error refused; Norman v. Thompson, 96 Tex. 250, 72 S.W. 62, 64, 66; Words and Phrases, Perm.Ed. Vol. 39, pages [111 et seq.] Two recent decisions of this Court in election cases further support the conclusion that notwithstanding the use of the word "shall" the amendment of Article 2968 should be regarded as directory rather than mandatory.'

"The Supreme Court of our State in the recent case of Whiteside v. Brown, Tex. Civ.App., 214 S.W.2d 844, 847, in discussing the interpretation of election laws stated:

"'It is the general rule that election laws, even though mandatory in form, are construed as directory in the absence of fraud or statutory provision voiding the ballot or election for failure to comply with the statute. Thomas v. Groebl [147 Tex. 70], 212 S.W. 2d 625, and authorities therein cited. See also Orth v. Benavides, Tex.Civ. App., San Antonio, 125 S.W.2d 1081, Writ Dis. * * * It is unnecessary for us to determine if the constitutional provision under consideration is directory, because we are convinced that even though it be deemed mandatory, that substantial and not literal compliance is sufficient to satisfy its demand.'

"In Sparkman v. Saylor, 180 Ky. 263, 202 S.W. 649, 650, involves an almost identical fact situation to that of the case before the Court here. Saylor and Colwell were

candidates for the office of Justice of the Peace. Saylor received the majority votes at the election. The law of that State required an expense account, similar to that involved in this case, to be filed by such candidates fifteen days before the date of the election. Saylor failed to do so, but filed his on the seventh day before the date of election, eight days after it should have been filed. Colwell brought an action to disqualify Saylor for his failure to file his expense account on the date prescribed by law. The question before that Court was whether the provision for filing such statement fifteen days before election date was mandatory or directory. The Court held:

" 'This question, among others, was before this court in the case of Kirk v. Sampson, 171 Ky. 315, 188 S.W. 1190 * * *' '* * * and it was therefore decided that the provisions as to the date upon which the pre-election statement is to be filed is directory and not mandatory, and to that extent we now unanimously approve that decision. In this position, we are supported by a decided weight of authority, by the terms of the act itself when considered as a whole and its purposes as set forth in the title, and by reason. The purposes of the act are thus clearly stated in its title: "An act to promote pure elections, primaries and conventions, and to prevent corrupt practice in the same; to limit the expenses of candidates; to prescribe the duties of candidates and providing penalties and remedies for violations, and declaring void, under certain conditions, elections in which these provisions or any of them have been violated"— which is conclusive, as is the act as a whole, of a legislative intent to insure fair and pure elections, free from corrupting influences, * * *' '* * * nor ought we to presume that the Legislature, in prescribing rules intended to accomplish its purposes, meant to sacrifice substance for mere forms. Unquestionably, the act is mandatory, in so far as it provides for the filing by all candidates of a true and accurate statement of expenses, covering every specified item, both before and after the election * * *' '* * * that voters, from an inspection of the pre-election statement which was required to be open to public inspection, might understand the influences being exerted on behalf of the several candidates; . * * *.'

"The legislative intent must be determined by consideration of the statute as a whole, not as to a particular office. The provisions under consideration here not only apply to a candidate for precinct and county offices, but to district and state offices as well. Under these provisions the District Attorney of this District is required to file his statement with the Secretary of State on May 25th, and on various dates thereafter. The statement must be accurate and true to the fixed date; in this instance May 25th. It is officially known that the Office of the Secretary of State is in Austin, Texas, six hundred miles from El Paso. A statement sworn to in El Paso on May 25th could not by any ordinary mail facilities reach the Office of the Secretary of State in Austin in time for filing on that date. If the candidate prepared and swore to his statement in El Paso on May 23 and mailed it to Austin so as to reach there in time for filing on the 25th, is that in strict compliance with the words of the statute? We believe not, as it does not cover the dates of May 23 and 24. Delays in the carrying of mail and delivery of mail to office buildings is a common occurrence. If a candidate knew on what day or hour he should mail his statement in El Paso to Austin to reach the office of the Secretary of State for filing on the proper day, would he forfeit the right to have his name on the ballot if there was a delay of a day in the mail service? The Legislature obviously did not mean that each candidate for district and state offices should go to Austin on each day fixed for filing to file his statement. It is inconceivable that the legislative intent was that these candidates for district and state offices should forfeit their rights if they, in

good faith, attempted to file on time and were delayed by mail service, or otherwise.

■ "While the Code now before the Court provides that such statement of expenditures shall and must be filed on the sixtieth day before said primary election, and while it is a general rule of construction that where a statute used the word shall and must are imperative, operating to impose a duty which may be enforced. It is apparent from the authorities cited and quoted herein before that there are many exceptions to this general rule, depending upon the intention of the Legislature to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. We believe on such consideration of the statute, the word 'shall' and 'must' as used here is mandatory as to the filing of the statement, but is directory only as to the time when it shall be filed.

"In holding that the statute is mandatory in requiring a candidate to file this statement and is directory as to the time when such statement must be filed we do not mean that a candidate must not reasonably and substantially comply with the provisions of the act as to time of filing this statement. This he must do, and his failure to do so will be grounds for excluding his name from the ballot, and whether or not the candidate has reasonably and substantially complied with the provisions of the act will be determined under the facts and circumstances of the case as presented.

■ "In this case the Office of the County Clerk in El Paso County normally closes at five o'clock in the evening. It opens at eight A.M. Crawford did not file by the time the office closed on May 25th, but did file within one hour after it opened on May 26th. The purpose of requiring such statements to be filed is that the same may be open to public inspection that the voters may determine what persons are influencing by contributing money or credit, or other substantial aid to a candidate, that the public may intelligently determine whether or not they should support such candidate. This statement was the first required to be filed under the act and additional statements thereafter are required, which additional and subsequent statements must contain every item filed in the original statement.

"We believe that the Relator, R. E. Crawford, has substantially complied with the provisions of the election code and is entitled to have his name appear upon the official ballot at the primary election to be held July 24, 1954. The Court, therefore, declines to enter an order requiring the Defendant, Carl A. Longuemare, Chairman of the El Paso County Democratic Executive Committee, to strike the name of the said R. E. Crawford from said official ballot, but hereby directs the said Longuemare to place the name of R. E. Crawford upon said primary ballot at the Democratic Primary to be held July 24, 1954.

"(Signed) Roy D. Jackson, Judge."

The decision of the trial court is therefore accordingly affirmed.