

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 12, 1962

Honorable William J. Lowe
County Attorney
Donley County Courthouse
Clarendon, Texas

Opinion No. WW-1380

Re: Whether a candidate, who
failed to timely file a
sworn statement of his cam-
paign contributions and ex-
penditures, as required by
Art. 14.08 Election Code,
may be certified for the
General Election ballot.

Dear Mr. Lowe:

Your letter requesting an opinion reads in part as follows:

"There were two candidates elected for
the run-off for the office of Justice of
the Peace in the second primary, and the
candidate who won the run-off did not
timely file his required list of contri-
butions and expenditures of his campaign.
The last date on which the candidate
could have filed such list was April 27,
1962, but he did not file it until May 4,
1962.

"Will you kindly let me know whether
or not such candidate can be certified
as the Democratic nominee for such of-
fice?"

Article 14.08, Texas Election Code, reads in part as follows:

". . .

"(b) Each candidate whose name appears
on the ballot at a first primary election
or a special election and each opposed can-
didate whose name and whose opponent's name
appear on the ballot at a general election
shall file a sworn statement, not less than
seven (7) nor more than ten (10) days prior
to the day of each such election, of all
gifts and loans previously received and of
all gifts, loans and payments made and all
debts incurred and obligations incurred or

contracted for future use in behalf of such
person's candidacy for office.  The state-
ment must include all such gifts, loans,
payments, debts and obligations made or
incurred whether before or after the an-
nounced or filed candidacy of such person.
Not more than ten (10) days after the
election the candidate shall also file
a supplemental sworn statement of all
gifts and loans received prior to the
election and of all gifts, loans and
payments made and debts and obligations
incurred prior to the election not speci-
fically included in the sworn statement
filed prior to the election."  As amended
Acts 1955, 54th Leg., p. 503, ch. 145,
Sec. 1.

"(c)  Each candidate whose name ap-
pears on the ballot at a second primary
election shall file a similar sworn
statement not less than seven (7) nor
more than ten (10) days prior to the day
of the election and a similar supplemen-
tal sworn statement not more than ten
(10) days after the day of the election."
As amended Acts 1955, 54th Leg., p. 503,
ch. 145, Sec. 1.

    ". . .

"(h)  Any candidate failing to file
such sworn statement at the time pro-
vided or swearing falsely therein shall
forfeit his right to have his name placed
upon the ballot at any subsequent primary,
special, or general election."  Acts 1951,
52nd Leg., p. 1097, ch. 492, Art. 244.

Thorp v. Murchison, 259 S.W.2d 614 (Civ.App. 1953) was an
election contest in which appellant tried to take advantage of
Section (h) of Art. 14.08, Election Code, and contested the right
of the appellee to hold the office of Constable which he had won
in the General Election, on the ground that appellee was not en-
titled to have his name on the ballot, since he failed to file
expense accounts in connection with his candidacy for such office
during the Democratic primary.  The Court held that Section (h),
Art. 14.08 was not available to be used by a defeated candidate
to contest the right of the winner of the election to hold office.

Owen v. Longuemare, 268 S.W.2d 701 (Civ.App. 1954) involved an application by relator for a writ of mandamus to compel the County Democratic Chairman to print relator's name on the Democratic primary ballot. The County Chairman had evidenced his intention to leave relator's name off the primary ballot because it had been made known to the County Chairman that Relator did not file his sworn statement of gifts, loans and payments at the time required in Art. 14.08. The Court stated at page 701:

> "In our opinion such Code does not place the responsibility upon the Chairman of the Committee or the Committee, or authorize him or it to determine whether or not Art. 14.08 of the Election Code, V.A.T.S. has been violated, and to refuse to place the name of Relator on the ballot. In our opinion the provision of Art. 14.09 of the Election Code, V.A.T.S., providing for a quo warranto proceeding to enforce the provisions of the statute is exclusive, and such provision has not been here invoked or complied with."

The Court directed that a writ of mandamus issue to compel the County Chairman to place Relator's name on the primary ballot.

The case of State ex rel. Butchofsky v. Crawford, 269 S.W.2d 536 (Civ.App. 1954) appears to be the first case filed in the manner required by the Election Code. The District Attorney brought the suit in the name of the State, in behalf of one Butchofsky, against Crawford, to determine the right of Crawford to have his name placed on the ballot as a candidate for Justice of the Peace. Mr. Crawford then held that office, was seeking re-election, and no other person had filed at the closing date fixed by law for such filing. In 1954, Sec. (b) of Art. 14.08, Election Code, provided that sworn statements be filed by candidates at intervals of twenty (20) days, beginning on the 60th day next preceding the day of election. The 60th day before the primary was May 25, 1954. Mr. Crawford did not file a statement with the County Clerk on that day, but did file it at 9 a.m. on May 26, 1954.

The Court held that with respect to whether a sworn statement was filed at all, the statute is mandatory, and a sworn statement must be filed. The Court also held that the exact time of filing is directory, but that a candidate must reasonably and substantially comply with the time of filing. The Court

held that in this instance, the candidate was only one day late and that he had substantially complied with the statute. The Court directed County Chairman Longuemare to print the name of the candidate Crawford on the ballot for the Democratic primary. The Court stated at page 542:

> "In holding that the statute is manda-
> tory in requiring a candidate to file this
> statement and is directory as to the time
> when such statement must be filed we do
> not mean that a candidate must not substan-
> tially comply with the provisions of the
> act as to time of filing this statement.
> This he must do, and his failure to do so
> will be grounds for excluding his name
> from the ballot, and whether or not the
> candidate has reasonably and substantially
> complied with the provisions of the act
> will be determined under the facts and
> circumstances of the case as presented."
> /Emphasis added/

The Court also stated the reason for requiring sworn state-ments of expenses, loans and gifts, when it said at page 542:

> ". . . The purpose of requiring such
> statements to be filed is that the same
> may be open to public inspection that
> the voters may determine what persons
> are influencing by contributing money
> or credit, or other substantial aid to
> a candidate, that the public may intel-
> ligently determine whether or not they
> should support such candidate. . . ."

The first Primary was held on May 5, 1962. If the candidate who was late in filing his expense account had not filed such sworn statement until after the Primary election had already been held, it would have certainly violated the purpose of the statute as set out above. Whether or not filing such statement on the day before the election, instead of not later than seven (7) days before the election as required by the statute, constitutes "rea-sonable" and "substantial" compliance is a fact question to be determined in the light of all the circumstances. Neither the County Chairman nor the County Executive Committee are authorized to make this determination. The County Chairman and County Exe-cutive Committee must certify the name of the candidate who re-ceived a majority of votes in the Second Primary, without regard to whether or not he failed to timely file his sworn statement

of expenses, gifts and loans as provided for in Secs. (b) and (c) of Art. 14.08, Election Code. Owen v. Longuemare, supra. Any determination of these facts, to have any legal and binding effect, must be determined by the courts.

### S U M M A R Y

The County Chairman and the County Executive Committee must certify the candidate who received the majority of votes in the Second Primary as the party's nominee for Justice of the Peace, even though such candidate did not timely file his sworn statement of expenses, gifts and loans as provided for in Sections (b) and (c), Art. 14.08, Election Code.

Whether filing of a sworn statement of expenses, gifts and loans, only one (1) day before the election, instead of at least seven (7) days before the election, constitutes reasonable and substantial compliance with Sections (b) and (c) of Art. 14.08, Election Code, is a fact question, which can only be determined by the courts.

Yours very truly,

WILL WILSON
Attorney General of Texas

By

Riley Eugene Fletcher
Assistant

REF:rk

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Elmer McVey
Tom Hunter

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore