Milton J. HOENEKE, Appellant,

v.

Jerry LEHMAN, Appellee.

No. 15663.

Court of Civil Appeals of Texas, San Antonio.

Oct. 20, 1976.

Maynard F. Robinson, San Antonio, for appellant.

A. J. Hohman, Jr., Hope, Henderson, Hohman & Georges, San Antonio, for appellee.

BARROW, Chief Justice.

Appellant has perfected his appeal from a judgment awarding appellee the sum of $1,598.80 in liquidated damages together with reasonable attorney's fees because of appellant's failure to timely file a campaign expense statement as required by Art. 14.-08, Tex. Election Code Ann. (1967).[1] The trial court granted appellee an instructed verdict as to appellant's liability for liquidated damages and submitted the question of reasonable attorney's fees to the jury. The jury found that a reasonable attorney's fee for services rendered the appellee in the trial court would be $1,000.00, and that $600.00 and $500.00, respectively, would be reasonable fees in the event of an appeal to the Court of Civil Appeals and the Supreme Court.

Appellant asserts four points of error: 1. Art. 14.08, and particularly the penalty provision thereof, is unconstitutional. 2. The directed verdict was improper in that the judgment includes, as contributions, the amount of money personally paid by appellant on campaign expenses. 3. The trial court erred in granting an instructed verdict in that a fact issue was raised that appellant had substantially complied with the statute. 4. There is no evidence to support the jury verdict on attorney's fees.

Appellant and appellee were candidates for mayor in the municipal election held in the City of Kirby on April 5, 1975. This was not a new experience for them in that appellant had defeated appellee in 1971, and appellee had defeated appellant in 1973. Prior to the 1973 amendment of Art. 14.08, a candidate was required to file two sworn statements of his contributions and expenditures. The first report was required to be filed not less than seven days nor more than ten days prior to the election, and a supplemental statement was required to be filed not more than ten days after the election. The 1973 amendment required three reports; the first not earlier than the 40th day and not later than the 31st day before the date of an election; the second not earlier than the 10th day and not later than

---

1. Art. 14.08 was amended by Acts 1973, 63rd Leg., p. 1106, ch. 423, § 9. This article was subsequently amended and renumbered Art. 14.07 by Acts 1975, 64th Leg., p. 2263, ch. 711, § 9. Subsection (J) of the 1975 Act is substantially the same as Subsection (j) of the 1973 Act.

the 7th day before the election; and the final report to be filed not later than the 31st day after the election.

Appellant testified that his neighbor, J. E. Patton, was his campaign manager and was to see that all required reports were filed. The first report was filed by appellant on March 5. Mr. Patton testified that the City Secretary told him at that time that the second report was required to be filed in thirty days. On April 4, Mr. Patton learned from the City Secretary that this report was actually due before April 1. Mr. Patton immediately prepared, signed, and filed the second report on the morning of April 4. This report shows expenditures of $399.70. The contributions list a contribution of $236.25 by Edgar Von Scheele in payment for signs and three contributions by appellant in payment of bills for a total of $163.45.

We have serious doubts that appellant's first point merits consideration in that he does not point out wherein the statute is unconstitutional. *See Texas National Guard Armory Board v. McCraw,* 132 Tex. 613, 126 S.W.2d 627 (1939). However, it is seen from his argument under this point that he apparently challenges the authority of the Legislature to provide for liquidated damages. Such a contention is without merit. It is settled that the imposition of penalties is within the police power of the Legislature. *First Texas Prudential Ins. Co. v. Smallwood,* 242 S.W. 498 (Tex. Civ.App.—Beaumont 1922, no writ); *Missouri, K. & T. Ry. Co. of Texas v. Letot,* 135 S.W. 656 (Tex.Civ.App.—1911, writ dism'd); 45 Tex.Jur.2d Penalties, § 4 (1963). Appellant's first point is overruled.

Art. 14.08(c) provides in part that the statements filed by a candidate shall list all contributions received and all expenditures made by the candidate, his campaign manager, and his assistant campaign managers. While a bill paid by the candidate is clearly an expenditure, and thus required to be reported, it is not a contribution received

by the candidate. The trial court erred in considering the amount of $163.45 paid by appellant on bills as a contribution, and thus erred in granting an instructed verdict which included this $163.45 as both a contribution and an expenditure.

Appellant urges by his third point that a fact question is raised that appellant had substantially complied with the statute by filing the report prior to the election, albeit five days late. A somewhat similar provision was considered in *State v. Crawford,* 269 S.W.2d 536 (Tex.Civ.App.—El Paso 1954, no writ). Crawford's report was filed one day late and a quo warranto suit was brought to knock him off the ballot in accordance with one of the penalties provided by Art. 14.08 and 14.09.[2] After a full review of the authorities, it was held that the filing of the statement is mandatory, but the time when it shall be filed is directory. A candidate is required to reasonably and substantially comply with the provisions of the statute as to the time of filing the statement. It was held that there had been substantial compliance by Crawford.

A candidate's failure to timely file his statement of contributions and expenditures was again considered in *Gray v. State,* 406 S.W.2d 934 (Tex.Civ.App.—Fort Worth 1966, writ dism'd). Gray did not file his second report until the sixth day after the election. The Court quoted with approval from *State v. Crawford,* wherein the opinion had been expressed that the legislative purpose of requiring expense statements to be filed was to serve the electorate in that such would be open for public inspection so that the voters might determine what persons were influencing the election by contributing money or credit or other substantial aid to the candidate. From this viewpoint it was held that a report filed six days after the election was not a substantial compliance. Nevertheless, the candidate's name was not stricken from the ballot in that the record established a complete ab-

---

2. These statutes, although subsequently amended, were in substantially the same language in 1975.

sence of culpability on the part of the candidate or anyone else in connection with his delay in filing the statement. It was pointed out that the statement was of no voter consequence in that it showed expenditures of $122.00, and contributions of only $10.50. The Court expressly adopted the *Crawford* construction of the statute that the requirement of filing is mandatory while the time of filing is directory.

It is significant that although the Legislature has amended the Election Code since this construction was adopted in *State v. Crawford,* and followed in *State v. Gray,* no change has been made in the language of this part of the statute. Thus, the Legislature is presumed to have adopted this construction. *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968).

Here the uncontroverted testimony of appellant and his campaign manager shows an unintentional mistake in the late filing of this report. The report was filed prior to the election and was seen almost immediately by appellee. Some justification for appellant's mistake is seen in that the statute was changed after appellant's 1973 campaign. The City Secretary testified that the candidates relied on him for the necessary forms to comply with election laws. We hold that the trial court erred in granting an instructed verdict in that this record at least raises a fact issue of substantial compliance. This error requires a reversal of the judgment and remand of the case. It is therefore unnecessary to consider appellant's fourth point regarding the reasonableness of the attorney's fees.

The judgment of the trial court is reversed and the cause remanded for trial on the merits.