Garner W. BECK, Appellant,

v.

The STATE of Texas, Appellee.

No. 58054.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 27, 1979.

Allen C. Isbell, Houston, for appellant.

Carol S. Vance, Dist. Atty. and W. Scott Carpenter, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for violating the Political Funds Reporting and Disclosure Act of 1975. Acts 1975, 64th Leg., ch. 711, p. 2257 et seq., effective September 1, 1975; V.T.C.A., Election Code, sec. 14.07.[1] The punishment was assessed by the jury at 30 days' confinement in jail and a fine of $1000.00.

In seven grounds of error, appellant challenges the constitutionality of Article 14.07, supra, on grounds that it is vague, indefinite, and uncertain; it violates his freedoms of speech, association, and associational privacy; it violates his rights to equal protection of the law; and the caption to the original Act is insufficient.

At the outset we set forth the purpose of the Election Code:.

Article 1.01

The aim in adopting this Code is to state in plain language the laws governing the nomination and election of offi-

---

1. At the time of appellant's acts, violation of Article 14.07, supra, constituted a Class A misdemeanor. See V.T.C.A., Penal Code, sec. 12.-21. Article 14.07($I$)(1), supra, has since been amended to make this offense a Class C misdemeanor. See V.T.C.A., Penal Code, sec. 12.23. Acts 1977, 65th Leg., ch. 276, p. 742, sec. 14, effective August 29, 1977.

cers and of holding other elections, to simplify, clarify and harmonize the existing laws in regard to parties, suffrage, nominations, and elections, and to safeguard the purity of the ballot box against error, fraud, mistake and corruption, to the end that the will of the people shall prevail and that true democracy shall not perish from the Lone Star State. To that end the provisions of this Code shall apply to all elections and primaries held in this State, except as otherwise provided herein. Acts 1951, 52nd Leg., p. 1097, ch. 492, art. 1.

The applicable provisions of the Election Code provide:

\* \* \* \* \* \*

(B) Each opposed candidate whose name is printed on the ballot, each write-in candidate taking affirmative action in an election and each political committee involved in an election concerning a candidate or measure shall file a sworn statement at each time required herein. Each office-holder and political committee as defined in Subsections (O)(2), (P)(2), or (Q)(2) in Section 237 [Article 14.01] of this Code, shall file a sworn statement as required herein.

(C) The statements filed by a candidate, or officeholder, shall list all contributions received and all expenditures made by the candidate, the office-holder, his campaign treasurer, and his assistant campaign treasurers during the appropriate reporting period as described in Subsection (H) of this section. The statements filed by a political committee, or a campaign treasurer representing the same, shall list all contributions received and expenditures made by the committee during the appropriate reporting period as described in Subsection (H) of this section. Each statement shall include the dates and amounts and the full name and complete address of each person from whom contributions in an aggregate amount of more than $50 has been received or borrowed during the appropriate reporting period as described in Subsection (H) of this section. Each state-

ment shall also include the dates and amounts and the full names and complete addresses of all persons to whom any expenditures aggregating more than $50 was made during the appropriate reporting period, and the purpose of such expenditures. Each report shall also include a total of all contributions received and all expenditures made during the appropriate reporting period and a total of all contributions of $50 and less received and all expenditures of $50 and less made during the appropriate reporting period.

\* \* \* \* \* \*

(E) Such statements shall be accompanied by the following affidavit verified by the person filing the statement:

"I do solemnly swear that the foregoing statement, filed herewith, is in all things true and correct, and fully shows all information required to be reported by me pursuant to the Political Funds Reporting and Disclosure Act of 1975."

(F) The statement and oath shall be filed as follows: . . . ; for a district office (any office of the state government, less than statewide, which is filled by the choice of the voters residing in more than one county) or a state office, or statewide measure, or other constitutionally designated members of the Executive Department, with the secretary of state; . . . The deadline for filing any statement required under this section is 5 p. m. of the last day designated in the pertinent subsection for filing the statement. When the last day of filing falls on a Saturday or Sunday or an official state holiday enumerated in Article 4591, Revised Civil Statutes of Texas, 1925, as amended, the deadline for filing is extended to 5 p. m. of the next day which is not a Saturday or Sunday or enumerated holiday. A statement shall be deemed to be timely filed if it is placed in the United States Post Office or in the hands of a common or contract carrier properly addressed to the appropriate authority within the time limits applicable to the statement. The postmark or receipt mark (if received by a common or con-

tract carrier) will be prima facie evidence of the date that such statement was deposited with the post office or carrier. The person making the report may show by competent evidence that the actual date of posting was to the contrary.

\* \* \* \* \* \*

(H)(1)(a) Candidates and the campaign treasurers of specific purpose political committees as defined in subsection (P)(1) of Section 237 [Article 14.01], shall file sworn statements at the times required in paragraph (4) of this subsection.

\* \* \* \* \* \*

(H)(4) Every candidate or specific purpose political committee shall file three sworn statements relating to the election in which such person is involved in addition to any statement as provided in paragraph (6) below. The three sworn statements shall be filed not later than the 30th day prior to the election, not later than the 7th day prior to the election, and not later than the 30th day after the election, respectively. A candidate who has been nominated by his party's primary in lieu of filing his third statement which encompasses nine (9) days prior to twenty-five (25) days after the election shall include in his first statement prior to the general election all previously unreported contributions and expenditures. The period reported in the first such statement shall begin on the day of campaign treasurer designation, and end on and include the 40th day prior to the election. The period reported in the second such statement shall begin on the 39th day before the election and end on and include the 10th day before the election. The period reported in the third such statement shall begin on the 9th day before the election and end on and include the 25th day after the election. In the event a candidate or specific purpose political committee becomes involved in an election after the end of any period covered by the regular reports otherwise required herein, the first applicable sworn statement shall be filed at the next regularly required deadline and its reporting period shall begin on the date of designation of campaign treasurer.

\* \* \* \* \* \*

(H)(6) Each year after the last deadline for filing a statement of contributions and expenditures, an additional statement shall be filed, provided, however, if there have been no expenditures made or contributions knowingly accepted since the last required reporting period, or if any contributions knowingly accepted and any expenditures made have all been reported under Subsection (H)(1)(b) of this section, there shall be no filing required. The annual statement shall be filed on or before January 15 (following the last filing) and the period shall cover all previously unreported contributions and expenditures through and including the 31st day of December.

\* \* \* \* \* \*

(H)(9) Final Statement. A candidate or political committee may cease filing sworn statements regarding a campaign after a final statement has been filed and designated as such. Any of the required sworn statements may constitute a final statement if its filing results in the completion of the reporting of all contributions and expenditures involved in an election, together with the appropriate related information, required to be reported.

\* \* \* \* \* \*

(I)(1) If any candidate, office-holder, or campaign treasurer of a political committee fails to file a sworn statement containing all information required by this chapter within 15 days of the deadline provided herein, such person shall be guilty of a Class A misdemeanor.

\* \* \* \* \* \*

(L) Statements filed under this Section shall be open to public inspection. They shall be preserved for a period of two years, after which they may be destroyed unless a court of competent jurisdiction has ordered their further preservation.

(M) No charge shall be levied for the filing of any report required by this section.

\* \* \* \* \* \*

Appellant's twelfth ground of error challenges the requirements of Article 14.07, supra, as being indefinite, vague, and uncertain and thereby vesting unfettered, arbitrary and capricious discretion in the authorities responsible for enforcing its provisions: the Secretary of State, State Attorney General, and the local district attorney. The foundation for his challenge consists of civil appeal courts' decisions that have erected a judicially created defense of "substantial compliance" (*State v. Crawford*, 269 S.W.2d 536 [Tex.Civ.App.—El Paso 1954, no writ]; *Gray v. State*, 406 S.W.2d 934 [Tex. Civ.App.—Ft. Worth 1966, writ dism'd]; *Hoeneke v. Lehman*, 542 S.W.2d 728 [Tex. Civ.App.—San Antonio 1976, no writ]) because the time for filing of the mandatory reports was directory. This conclusion rested on the fact that the applicable statutory schedule for filing the required reports in those cases provided for a period of days in which the report could be filed. In contrast, the schedule applicable to appellant gave fixed points in time for the filing of the required reports. Article 14.07(H)(4), supra.

█ In addition, a statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute (*Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 [1972]; *U. S. v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 [1953]) and if it encourages arbitrary and erratic arrests and convictions. *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940). Since criminal penalties are exacted in an area permeated with the most fundamental of First Amendment interests, the statutory scheme involved must be subjected to exacting and close scrutiny. *Buckley v. Valeo*, 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); *Smith v. Goguen*, 415 U.S. 566, 94

S.Ct. 1242, 39 L.Ed.2d 605 (1974); *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); *NAACP v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). There must be substantial relationship between the governmental interests sought to be promoted and the information requested. *Gibson v. Florida Legislative Comm.*, 372 U.S. 539, 83 S.Ct. 889, 9 L.Ed.2d 929 (1963).

As in *Buckley*, supra, there are unquestionably significant and substantial governmental interests promoted by the statutory scheme at issue. First, it is designed to familiarize the electorate with the financial influences impinging upon candidates [2] or the source of their financial support. Second, it familiarizes the public with the entities which enjoy the business of the candidates. The statute does not limit contributions or expenditures, but requires disclosure in detail when the amounts exceed $50.00. Third, the reporting requirement deters actual corruption or the corrupt use of campaign funds and aids in avoiding the appearance of corruption, thus safeguarding, to a reasonable extent, "the purity of the ballot box." Article 1.01, supra. Such a scheme promotes the best "restraint on misgovernment." *Grosjean v. American Press Co.*, 297 U.S. 233, 250, 56 S.Ct. 444, 449, 80 L.Ed. 660 (1936). Fourth, such a scheme as is involved here aids in the detection of violations of Article 14.06, supra, "Corporations and Labor Organizations not to Contribute," to the extent that provision remains constitutional. See Tex.Atty. Gen.Op. No. H–1175 (1978).

In sum, such a statutory scheme constitutes the "least restrictive means of curbing the evils of campaign ignorance and corruption that . . . exist." *Buckley v. Valeo*, supra, 424 U.S. at 68, 96 S.Ct. at 658.

█ Even under the standards of close, exacting scrutiny and the requirement of greater specificity (*Smith v. Goguen*, supra; *Grayned v. City of Rockford*, supra), Article 14.07, supra, is crystal clear. The creation

---

2. Reference to "candidate" incorporates by reference the other organizations or persons required to report under Chapter 14 of the Election Code.

of a judicial defense to equitable quo warranto proceedings (*State v. Crawford,* supra; *Gray v. State,* supra) or an action for liquidated statutory damages (*Hoeneke v. Lehman,* supra) such as "substantial compliance" has no bearing on our determination of the constitutional validity of the statute. As noted, a different statutory scheme is at issue here. The time for filing is fixed. Even should the doctrine of "substantial compliance" have a bearing, it does not excuse total noncompliance as this record demonstrates to have been appellant's downfall.[3] We hold that Article 14.07, supra, does not violate any substantive due process rights of either candidates, their contributors, supporters, or recipients of campaign expenditures. The statute is not vague, indefinite, uncertain, or overbroad. Appellant's twelfth ground of error is overruled.

Appellant's fourteenth ground of error challenges Article 14.07, supra, as violative of his constitutional right to equal protection of the laws. He contends such is the result of the statute's exclusion of unopposed candidates from the reporting requirements of Article 14.07(B) supra.

■ Returning again to *Buckley,* supra, and its treatment of the contention that the federal act imposing contribution limits invidiously discriminated against challengers and in favor of incumbents, we observe that an otherwise evenhanded statute will survive an equal protection challenge if there is no record showing of class discrimination. *James v. Valtierra,* 402 U.S. 137, 91 S.Ct. 1331, 28 L.Ed.2d 678 (1971). Here, as in *Buckley,* supra, there is no showing that unopposed candidates, as a class, benefit from their exclusion at the expense of candidates in contested elections. The class that concerns appellant is indeed small since under the terms of Article 14.07(B), supra, only nonincumbent (or nonpublic officeholder) and uncontested candidates are exempt.

See Article 14.01(B), (G), and (L), supra. Appellant offers only speculation that the exempted group of candidates is permitted to profit by secreted contributions that escape public purview. Such speculation does not constitute the required showing. Further, there is no suspect classification involved in the exclusion addressed here. Thus, so long as the classification is reasonable and enjoys a rational basis, there is no constitutional violation. *Milligan v. State,* Tex.Cr.App., 554 S.W.2d 192. The exclusion here rests on the reasonable assumption that the candidates so excluded have no need for campaign contributions. Also, the motive for making campaign contributions to secure influence is minimal when the candidate's election is a foregone conclusion. In those instances where the motive is not eliminated, Chapter 36 of our current Penal Code provides sufficient safeguards. See V.T.C.A., Penal Code, secs. 36.02, 36.08(f), (g), 36.09, and 1.07(30). See also Article 6252–9b, V.A.C.S.

■ We hold that the exclusion of nonincumbent (or nonpublic officeholders), uncontested candidates from the reporting requirements of Article 14.07, supra, does not violate Texas or federal constitutional mandates to afford equal protection of the law. Appellant's fourteenth ground of error is overruled.

■ In his fifteenth, sixteenth, and seventeenth grounds of error, appellant challenges Article 14.07, supra, as violative of his or his associates' constitutional rights of speech, association, and associational privacy. U.S. Constitution, Amendment 1. He relies on the U.S. Supreme Court's decision in *NAACP v. Alabama,* 357 U.S. 449, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). Contrary to the State's position, we conclude appellant, in the context of this appeal from a criminal conviction, demonstrates "sufficient 'personal stake' in a determination of

---

**3.** It is noted that the trial court instructed the jury on posting the required reports with the U.S. Post Office or depositing the same with common or contract carriers as a defense. V.T.C.A., Penal Code, secs. 2.03 and 2.04 do not, by their terms, apply. However, we hold that the foregoing provision of Article 14.07(F), supra, constitutes a defense as it is understood and construed under V.T.C.A., Penal Code. sec. 2.03, in criminal prosecutions. See also the discussion in Ground of Error 20, infra, V.T.C.A., Penal Code, sec. 2.03(e).

the constitutional validity" of Article 14.07, supra, to establish standing and for us to avoid bearing the forbidden fruit of an advisory opinion. *Buckley v. Valeo,* supra, 424 U.S. at 12, 96 S.Ct. at 631, quoting from *NAACP v. Alabama,* supra, 357 U.S. at 458, 78 S.Ct. at 1170.

■ We are of the opinion that beyond what was said in disposing of appellant's claim that Article 14.07, supra, was void for vagueness, indefiniteness, and uncertainty, the statutory scheme does not suppress speech, but at worst merely has an incidental effect upon it. The important governmental interests addressed above also serve to sustain this statute from the challenges pressed against it under these grounds of error. See *Gibson v. Florida Legislative Comm.,* supra; *NAACP v. Button,* supra; *Bates v. Little Rock,* 361 U.S. 516, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); cf. *Communist Party v. Subversive Activities Control Board,* 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961). Further, with respect to appellant's claim of a chilling effect upon the freedom to associate and associational privacy, he had made no record showing of any such chilling effect in terms of adverse reprisals resulting from disclosure. Such is a minimal requirement to the success of such claims. *NAACP v. Alabama,* supra; *Buckley v. Valeo,* supra. Appellant's fifteenth, sixteenth, and seventeenth grounds of error are overruled.

■ In his tenth and eleventh grounds of error, appellant challenges the constitutional validity of Article 14.07(I)(1), supra, and the entire Political Funds Reporting and Disclosure Act of 1975 (Chapter 14, supra) for alleged inadequacies in the caption to said Act. The caption provides:

An Act regulating and requiring the reporting of contributions and expenditures in behalf of or in opposition to candidates for nomination or election to public offices or in behalf of or in opposition to measures submitted to the voters; regulating and requiring the reporting of contributions to or for public officeholders and the expenditure of such contributions by or on behalf of the officeholders; regulating political advertising and other campaign communications; *containing both civil and criminal penalties for violations;* repealing Section 239, as amended, and Section 249, Texas Election Code (Articles 14.03 and 14.13, Vernon's Texas Election Code); amending the Texas Election Code as follows: amending Sections 237 and 238 (Articles 14.01 and 14.02, Vernon's Texas Election Code); amending Sections 240 through 246, as amended (Articles 14.04 through 14.10, Vernon's Texas Election Code), and renumbering them as Sections 239 through 245; adding new Sections 246, 249, and 251; making an appropriation; providing for severability; and declaring an emergency.

Acts 1975, 64th Leg., ch. 711, p. 2257 (emphasis added)

Article III, Sec. 35 of the Texas Constitution provides, in pertinent part:

. . . But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

The critical question for determining adequate compliance with Article III, Sec. 35, supra, is whether the caption "put any reasonable caption reader on notice that he will find new matter in the body of the bill." *Ex parte Jimenez,* 317 S.W.2d 189 at 194 (Tex.1958). The 1975 Act was a comprehensive revision of the prior law and, it is noted, reduced the criminal penalties for failure to report from imprisonment in the penitentiary for not less than one nor more than five years and/or a fine not less than $100.00 nor more than $5,000.00 to confinement in jail for not more than one year and/or a fine not more than $2000.00.[4]

· The caption set forth above, and especially including the underlined portion, cannot be construed as in any way resulting in the obscuring of the purpose of the amending act from legislators or citizens and was,

4. See Note 1, supra.

**346**

contrary to appellant's position, sufficient to render the notice required under Article III, Sec. 35, supra. Any caption reader would be apprised that the Act contained provisions for criminal sanctions for violations of its terms. Contra *White v. State,* Tex.Cr.App., 440 S.W.2d 660. Appellant's tenth and eleventh grounds of error are overruled.

In eight grounds of error, appellant challenges the admission into evidence of State's Exhibit 2, the certified copies of the documents of record held by the Secretary of State's Office relating to filings required of the appellant under Chapter 14 of the Election Code.

 Appellant's seventh ground of error contends he was not provided notice of the State's intention to introduce State's Exhibit 2 as evidence as required under Article 3731a, sec. 3, V.A.C.S. The trial of this cause commenced June 7, 1977. The record shows State's Exhibit 2 was filed of record on March 4, 1977, thus providing appellant with at least constructive notice. Although appellant did object to the admission of State's Exhibit 2 because there was no notice of the State's intent to introduce State's Exhibit 2 *in the pleadings,* we conclude, as in *Goolsby v. State,* Tex.Cr.App., 312 S.W.2d 654 (on motion for rehearing) and *Roberts v. State,* Tex.Cr.App., 301 S.W.2d 154, that the nature of the offense charged in the information puts a defendant on notice that documentary proof of an essential element would be used.[5] This fact, combined with the constructive notice provided and the total failure to plead or show unfair surprise from the absence of actual delivery of the documents to appellant, precludes a finding of reversible error. The seventh ground of error is overruled.

 Additional challenge to the admission of State's Exhibit 2 is made on account of the Secretary of State's failure to certify

that a "diligent search" had been conducted before certifying the documents in the exhibit. Article 3731a, sec. 5, V.A.C.S. No objection was made on this ground at the time of trial and the issue has therefore been waived. *Lopez v. State,* Tex.Cr.App., 535 S.W.2d 643; *Guzman v. State,* Tex.Cr.App., 521 S.W.2d 267; *Paige v. State,* Tex.Cr.App., 573 S.W.2d 16. The eighth ground of error is overruled.

Similarly, for the first time on appeal, appellant contends State's Exhibit 2 should not have been admitted because the Secretary of State's conclusion in his certificate that the return receipt in the documents on file related to the May 14, 1976, letter to appellant advising him of his failure to comply with Article 14.07, supra, inter alia, was mere opinion. For the reasons set forth as to his eighth ground of error, the ninth ground of error was not properly preserved and is overruled.

In Grounds of Error 1 through 5 appellant complains that State's Exhibit 2 improperly introduced inadmissible extraneous offenses before the jury in that a letter from the Secretary of State to appellant contained in State's Exhibit 2 enumerated four specific lapses in filing reports required under Article 14.07, supra, and the financial statement required by Article 6252–9b, V.A.C.S.

 At the outset we note that the statement of facts before us is certified *only* as "partial" and concludes with the State resting its case. We are therefore unable to conclude whether the exhibits containing references to extraneous offenses would have been admissible as rebuttal evidence to the appellant's case.

 Next, the State was required to prove that appellant intentionally or knowingly failed to file the statements required

---

5. The information charged:
 . . . GARNER W. BECK . . ., heretofore on or about February 16, 1976, did then and there unlawfully incur campaign expenses as a candidate for public office namely, State Representative of District 97 in

the February 28th, 1976 Special Election and intentionally and knowingly fail and refuse to timely file a sworn campaign expenditure statement with the Texas Secretary of State as required by the Political Funds Reporting and Disclosure Act of 1975. . . .

under Article 14.07, supra.[6] Extraneous offenses are admissible "to prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself." *Albrecht v. State,* Tex.Cr.App., 486 S.W.2d 97 at 100. This case fits the classical exception noted in *Albrecht,* supra. Appellant's first five grounds of error are overruled.[7]

In five grounds of error various challenges are lodged against the court's charge. Grounds of Error 18, 19, 21, and 22 are raised for the first time on appeal. To constitute reversible error, the errors complained of must be "calculated to injure the rights of" appellant or it must appear "from the record" that appellant was denied "a fair and impartial trial." Article 36.19, V.A.C.C.P. We are precluded from the latter standard of review by appellant's failure to bring forward a complete, as opposed to partial, statement of facts. Article 40.09(5), V.A.C.C.P. Respectively, the grounds of error challenge the trial court's erroneous statement that appellant was charged with failing to file a sworn statement of campaign *contributions* and expenditures when the information related only to a campaign *expenditure* statement; its erroneous statement that the period of limitations for this offense was three as opposed to two years (Article 12.02, V.A.C.C.P.); and, in the next two grounds of error, its rendition that the law requires three sworn statements.

As to Ground of Error 18, it is inconceivable that such a statement, although in error, in any way prejudiced appellant. In applying the law to the facts the trial court carefully tracked the allegations in the information and did not authorize the jury to convict appellant on a theory of culpability not alleged in the information. Contra *Edmond v. State,* Tex.Cr.App., 566 S.W.2d 609; *Morter v. State,* Tex.Cr.App., 551 S.W.2d 715. Ground of Error 18 is overruled.

The court also erred as to its determination of the applicable limitations, but again harm to appellant is inconceivable. The offense was allegedly committed on February 16, 1976. The trial took place June 7, 1977. The special election in which appellant was a candidate was held February 28, 1976. Appellant's nineteenth ground of error is overruled.

In two grounds of error appellant challenges the trial court's setting forth that the law required the filing of three sworn statements at various times. Article 14.07(H)(4), supra. He first contends that since this was a special election, only two reports were required. However, he cites no authority for such proposition, nor do we find any.[8] In addition, the evidence reflects that appellant filed no reports, let alone two. Appellant's 21st ground of error is overruled. He further contends that it would be possible to file only one report under Article 14.07(H)(9), supra, thereby rendering the trial court's rendition of the law inadequate. The information alleged the offense was committed on or about February 16, 1976. The evidence in this case showed that as of at least May 14, 1976, appellant had filed none of the required reports, be they the first, the final, or otherwise.

We construe the provision of Article 14.07(H)(9), supra, to be defensive in nature and without record evidence raising such

---

6. The State indicted appellant for "intentionally and knowingly" violating the provisions of Article 14.07, supra. See V.T.C.A., Penal Code, Sec. 6.02; Footnote 5, supra.

7. It is also noted that appellant's objection to State's Exhibit 2 in this regard was because "there is evidence of an extraneous offense." We need not determine whether such a singular objection was sufficient to preserve five grounds of error.

8. However, as a factual matter in this case only, appellant is correct. He filed his designation of campaign treasurer on January 28, 1976, after the first period for the first report expired, i. e., *after* the 40th day prior to the February 28, 1976, special election. However, he was still required to file his report of expenditures after the January 28, 1976, designation by the seventh day prior to the election. The technically correct statement of the law is not reversible error.

issue there is no need for the trial court to charge thereon. Again, we note there was no objection to this omission either. Again, we do not perceive any calculated injury or harm to the appellant from the charge as given, although we are quick to direct that care should be taken to eliminate errors from the charge. However, the court's rendition of applicable substantive law complained of in these instant two grounds of error was not error. Appellant's 22nd ground of error is overruled.

■ The twentieth ground of error charges that the trial court's instruction on the posting of the report with the U.S. Post Office or depositing of same with a common or contract carrier as a defensive matter, *over appellant's objection,* constitutes a comment on appellant's failure to testify and is therefore reversible.

Only incidentally we again note that the "partial" nature of the statement of facts precludes our making a determination *from the record* whether appellant testified. However, we will assume, arguendo, that he did not testify.

In looking at the charge as a whole, we note that the jury was instructed on appellant's right not to testify and to be free from any adverse comments or consideration in invoking that right. See and compare McClung, *Jury Charges for Texas Criminal Practice* (1979), p. 241; Morrison and Blackwell, 8 Texas Practice: Criminal Forms (8th edition), sec. 80.10.

There is no authority directly on point and appellant relies on an analogy to cases involving prosecutors' arguments which allude to evidence only the defendant could supply. *Watson v. State,* Tex.Cr.App., 352 S.W.2d 120; *Mowery v. State,* Tex.Cr.App., 146 S.W.2d 988; *McDaniel v. State,* Tex.Cr. App., 524 S.W.2d 68. We think the validity of the analogy need not be reached since at the threshold the instruction challenged here is not a necessary reference to appellant's failure to testify from the standpoint of the jury. By the most strained of interpretations, it might be considered an implied allusion to appellant's failure to testify. *McDaniel v. State,* supra, and authorities cited therein.

There was some evidence in the record that appellant had told another he had mailed the required reports. Since we have construed the defensive language in Article 14.07(F) as a defense, appellant was benefited by the instant instruction which was presented in the form of a mere defense. See Footnote 3, supra; V.T.C.A., Penal Code, sec. 2.03. In the future, however, should a defendant wish to eschew a beneficial instruction that is not otherwise mandated, the trial court should oblige him or her. On this charge, the trial court did not commit reversible error by refusing to sustain appellant's objection. Ground of Error 20 is overruled.

■ In three grounds of error appellant essentially challenges the sufficiency of the evidence to sustain the judgment of conviction. As has been repeatedly noted above, the statement of facts in the record before us is certified by the court reporter as being a "partial" one. The statement of facts concludes with the State resting its case in chief. There is no closing noted by either side, no indication whether any defense evidence was introduced, no indication of possible rebuttal from the State, and no indication of evidence presented at the penalty stage of the trial. Having failed to present this Court with a complete record of the evidentiary aspect of his trial, appellant has failed to preserve any of his contentions concerning the adequacy of the evidence to sustain his conviction. There is no indication of indigency. See *Daughtrey v. State,* Tex.Cr.App., 544 S.W.2d 158; Article 40.-09(5), V.A.C.C.P.; cf. *Holcomb v. State,* Tex.Cr.App., 523 S.W.2d 661. Appellant's 6th, 13th, and 23rd grounds of error are overruled.

The judgment of conviction is affirmed.