Van-SL v. State 






NO. 10-90-220-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          SHIRLEY LEE VAN,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 18th Judicial District Court
Johnson County, Texas
Trial Court # 26210-A

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant Shirley Lee Van perfected this appeal from the denial of the relief she requested
in her application for a writ of habeas corpus filed in the 18th District Court of Johnson County.
The transcript filed in this appeal reflects that Appellant was convicted on a not-guilty plea and
sentenced by a jury on November 2, 1989, to 365 days in the Johnson County jail and a $2,000
fine for the misdemeanor offense of criminally negligent homicide. See Tex. Penal Code Ann.
§ 19.07(b) (Vernon 1989). This court affirmed her conviction on May 17, 1990, and issued its
mandate on July 6.
          Appellant, in her application for a writ of habeas corpus filed under article 11.09 of the
Texas Code of Criminal Procedure, alleges that her confinement since July 11 is unlawful due to
the denial of jail-time credit and because she has been told by Johnson County sheriff's deputies
that she will have to serve all 365 days of her sentence. Appellant asserts that the denial of jail-time credit violates the standard practices and policies of the Johnson County sheriff's department
and that the Sheriff has discriminated against her by denying her the right to be named a trusty,
thus earning jail-time credit and the right to an early release. 
          On November 21, the trial court held a hearing on the petition for a writ, but denied relief
by an order signed on November 27. In its order, the court stated that it found no discrimination. 
The court further found that the Sheriff could properly consider the following factors in making
trusty assignments: (1) the type of offense; (2) the type of trial--jury or non-jury; (3) the type of
the inmate's behavior; and (4) the security of the individual inmate. The court also expressly
ordered that Appellant would be allowed to re-apply for trusty status within fourteen days
following the date of the order and that, if trusty status was denied, the Sheriff must file within
twenty-four hours a response setting forth the basis for the denial. Finally, the court ordered the
sheriff's department to submit a report to the court detailing the department's trusty policies and
to review its trusty plan to insure equal treatment of male and female prisoners.
          Although this court has appellate habeas corpus jurisdiction in this instance under Rule 44
of the Texas Rules of Appellate Procedure (formerly Article 44.34 of the Texas Code of Criminal
Procedure), we nevertheless are unable to review the trial court's denial of relief and the
evidentiary support for its fact-findings without a statement of facts from the November 21
hearing. See Tex. Crim. Proc. Ann. § 11.09 (Vernon 1977); Tex. R. App. P. 44; Ex parte
Jordan, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983). In the absence of a statement facts, it
must be presumed that the court's findings were supported by legally and factually sufficient
evidence. See Beck v. State, 583 S.W.2d 338, 348 (Tex. Crim. App. 1979). The judgment of the
trial court is affirmed. 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion delivered and filed March 7, 1991
Do not publish



160;                                                 Justice

Dissenting opinion delivered and filed March 14, 2001
Do not publish