Louis A. ROWLETT, Appellant,

v.

COLORTEK, INC., Appellee.

No. 05–87–00312–CV.

Court of Appeals of Texas, Dallas.

Nov. 6, 1987.

Jack O. Norman, Dallas, for appellant.

John P. Knouse, Dallas, for appellee.

Before ENOCH, C.J., and LAGARDE and THOMAS, JJ.

ENOCH, Chief Justice.

Appellee Colortek, Inc. ("Colortek"), seeks clarification of an order (the "Order") of the Supreme Court of Texas, dated January 8, 1986,[1] concerning a pilot project for the district courts of Dallas County and implementing the use of electronic statements of facts for appeals in this Court. Specifically, appellant Louis A. Rowlett ("Rowlett") has raised points of error contending that there was no evidence, or al- ternatively insufficient evidence, to support the trial court's findings of fact. The complete electronic statement of facts has been filed; however, the transcription that Rowlett has appended to his brief, in compliance with paragraph 5 of the Order, is only a partial transcription of the electronic record. Rowlett argues that he is under no obligation to provide a complete transcription of the electronic record, because we cannot presume that anything contained in any material he omits supports the judgment of the trial court. Colortek argues that, as appellant, Rowlett has the burden of providing a complete transcription of the electronic statement of facts, if he wishes to urge no-evidence or insufficient-evidence points of error. For the reasons given below, we agree with Colortek.

█ The Texas Rules of Appellate Procedure governing appeals with conventional, written statements of facts provide that, if only a partial statement of facts is filed, "there shall be a presumption on appeal that nothing omitted from the *record* is relevant to any of the points specified or to the disposition of the appeal." TEX.R. APP.P. 53(d) (emphasis added). When the Texas Rules of Civil Procedure were first amended to permit the filing of a partial statement of facts, the Subcommittee on Interpretation of the Texas Rules of Civil Procedure stated that "[t]he record ... on appeal should be limited as far as possible to the questions relied on for reversal." Advisory opinion, 8 TEX.B.J. 17, 18 (1945). To promote the efficiency of reduced records, the Subcommittee indicated that the presumption that anything omitted from the record would sustain the judgment would no longer be indulged. *Id.* When asked for clarification, the Subcommittee replied that "[t]he intention was to say that there will be no presumption that matter omitted from the statement of facts sustains the judgment." Advisory opinion, 8 TEX.B.J. 27 (1945). Notwithstanding this language, the supreme court later held that, when an appellant complained of no evidence to support a trial court's finding,

1. The complete text of the January 8, 1986 Order is set forth in an appendix to a companion case issued simultaneously with this opinion, *Darley v. Texas Uvatan, Inc.,* 741 S.W. 200 (Tex. App.—Dallas 1987, no writ), and will not be repeated here.

the appellant could not discharge his burden of showing error "in the absence of a complete or an agreed statement of facts." *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968) (per curiam). *See also Champion Drilling Corp. v. Ranton*, 664 S.W.2d 785, 786–87 (Tex.App.—Waco 1984, no writ) (an appellant who urges an insufficient-evidence point cannot avail himself of the presumption that nothing omitted from the record is relevant to the points or to the disposition of the appeal). An appellant bringing forth a conventional, written statement of facts may not omit any material if he wishes to urge no-evidence or insufficient-evidence points of error.

■ Rowlett recognizes that the "official" statement of facts in an electronically recorded trial is the tape recording itself and that the entire taped proceedings have been filed with this Court. He contends that, if he argues no-evidence or insufficient-evidence points of error, he need only transcribe a portion of the electronic statement of facts in the appendix to his brief and that we must then presume that the portion omitted from the appendix to his brief contains no evidence (or at least insufficient evidence) to support the trial court's findings.

For those appeals based on an electronic statement of facts, paragraph 6 of the Order contains a presumption analogous to that of Texas Rule of Procedure 53(d).

*Presumption.* The appellate court shall presume that nothing omitted from the *transcriptions in the appendices* [to the parties' briefs] is relevant to any point raised or to the disposition of the appeal. The appellate court shall have no duty to review any part of the electronic recording.

(Emphasis added). Applying the same analysis to paragraph 6 as has been applied to Rule 53(d), an appellant who complains of no evidence or insufficient evidence cannot discharge his burden of showing error without providing a complete written transcription of the statement of facts. This interpretation of paragraph 6 accords most closely with the remainder of the Order and with the rules of appellate procedure.

Paragraph 5 of the Order clearly provides that a party shall include, in the appendix to his brief, "a written transcription of all portions of the recorded statement of facts ... *relevant to the error asserted*" (emphasis added). Rule 50(d), further, places the burden squarely upon the appellant to see that a sufficient record is presented to show error on appeal. TEX.R.APP.P. 50(d). If an appellant wishes to raise a no-evidence or an insufficient-evidence point of error, he must necessarily show that there is no evidence, or only insufficient evidence, *in the entire record* to support the trial court's judgment. It is impossible to show that there is no, or only insufficient, evidence in the entire record, without bringing forward the entire record. In the case of electronic recording, if the appellant does not include a complete transcription of the statement of facts in his appendix, since the court of appeals has no duty to refer directly to the electronic statement of facts, then the appellant has not discharged his burden of showing error.

■ We hold that the presumption contained in paragraph 6 of the Order only means that providing a partial transcription of the statement of facts does not automatically *defeat* an appellant's showing of error. The presumption does not mean that anything that the appellant omits can be presumed to *sustain* the appellant's assigned error. If Rowlett wishes to complain that there was no evidence, anywhere in the record, to support the trial court's findings, then he must present a transcription of the entire statement of facts in the appendix to his brief, to make such a showing. To hold otherwise would be to shift the entire burden of proof on the appeal. Colortek would then be in the position of having to supply a transcription of the remainder of the statement of facts, in order to demonstrate that the trial court, in fact, made the correct findings, supported by sufficient evidence.

We hold that nothing in paragraph 6 of the Order shifts Rowlett's burden of showing error on appeal. If we are not able, from reviewing the testimony that Rowlett

considers relevant for his appendix, to determine whether there is any evidence, or sufficient evidence, anywhere in the record to support the trial court's judgment, then Rowlett has not been able to show error.

Finally, nothing in this opinion should be construed as saying that a no-evidence point or an insufficient-evidence point dispenses with the requirement of references to the record in a brief, as required by rule 74(d) of the Texas Rules of Appellate Procedure.

Colortek's motion for clarification is granted. This opinion issues to provide the clarification sought.