Jesus D. TAPIADOR, et ux., Appellants,

v.

NORTH AMERICAN LLOYDS OF TEXAS, Appellee.

No. 01–89–00360–CV.

Court of Appeals of Texas, Houston (1st Dist.)

June 22, 1989.

Norwood J. Ruiz, John A. Buckley, Jr., Dibrell & Greer, Galveston, for appellants.

M. Karinne McCullough Giessel, Stone, Barker & Lyman, Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

PER CURIAM.

The Tapiador appellants ask this Court to reduce the appeal bond set by the trial court. They claim the bond of $7500 is excessive. In response, appellee asserts that a complete statement of facts is required for the Court to properly review the Tapiador appellants' points of error.

The Tapiador appellants attempted to limit their appeal pursuant to rule 40(a)(4), Tex.R.App.P. They requested that the court reporter prepare a partial statement of facts and included a statement of the points on which they would rely,[1] as re-

---

1. The Tapiador points of error are:
   *POINT OF ERROR NO. 1.* The court erred and abused its discretion when it failed to rule as a matter of law that Plaintiffs, Thelma Tapiador,

Ruben Nepomuceno and Pacita Nepomuceno were entitled to recover for their loss set forth in the proof of loss filed, pre and post judgment interest thereon, attorney's fees and costs in that

quired by rule 53(d), Tex.R.App.P. Appellant Chapa, third party defendant in the trial court, filed a $1000 cost bond and also limited his appeal.

Appellee requested the court reporter to prepare the entire statement of facts, and moved the trial court to increase the cost bond. Appellee claimed that a cost bond in excess of $1000 was necessary so that a complete statement of facts could be prepared. The trial court found the testimony of all witnesses was "relevant and necessary to the points of error specified and to the disposition of this appeal," granted appellee's motion, and increased the cost bond to $7500.

■ In order to properly limit an appeal, a portion of the judgment must be severable. Tex.R.App.P. 40(a)(4).[2] An appeal cannot be limited where the issues for review necessarily call the entire controversy into question. *Smith v. Texas Improvement Co.*, 570 S.W.2d 90, 91 (Tex.Civ.App.—Dallas 1978, no writ).

■ The Tapiador appellants have presented a no evidence point of error. Review of a no evidence point of error requires consideration of the entire record. An appellant may not omit any material from the statement of facts if he wishes to urge a no evidence or insufficient evidence point of error. *Rowlett v. Colortek*, 741 S.W.2d 206, 208 (Tex.App.—Dallas 1987, no writ).

■ The Tapiador appellants also raise a point of error complaining that the trial court failed to include in the court's charge instructions, definitions, and questions they had requested. A complaint that the court erroneously gave or refused to give an instruction, or that it erroneously submitted or failed to submit a special issue, cannot be reviewed without a complete statement of facts. *Mouton v. Cassello*, 693 S.W.2d 556, 559 (Tex.App.—San Antonio 1985, no writ). The Tapiador appellants' points of error address the entire controversy and thus, cannot be severed.

■ Because the Tapiador appellants requested only a partial statement of facts, appellee must bring up the entire record or suffer the presumption of rule 53(d), Tex.R.App.P. that "nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal." Without the complete statement of facts, appellee will lack the proof needed to show the jury findings were supported by the evidence. This would unfairly shift the burden of proof in the appeal to the appellee. *Galvin v. Gulf Oil Corp.*, 759 S.W.2d 167, 173 (Tex.App.—Dallas 1988, writ denied).

■ The purpose of a cost bond is to give security that "*appellant* ... shall pay all costs which have accrued in the trial court and the cost of the statement of facts and transcript." Tex.R.App.P. 46(a) (emphasis added). Appellee paid the court reporter to prepare the portion of the statement of facts it requested. The initial $1000 cost bond posted by the Tapiador appellants is inadequate to secure the cost of preparing the entire statement of facts.[3] We disagree with the implication, if any, in

there was no evidence at the time of defendant's refusal to pay the proof of loss or was any evidence adduced at trial of these plaintiffs' concealment or misrepresentation concerning the extent of the loss.
*POINT OF ERROR NO. 2.* The court erred in admitting certain witness' testimony.
*POINT OF ERROR NO. 3.* The court erred and abused its discretion in failing to include in its charge the instructions, definitions and questions submitted by the plaintiffs and those submitted by the defendant and answered by the jury were inadequate to support the verdict rendered as a matter of law.
*POINT OF ERROR NO. 4.* The court erred and abused its discretion when it failed to rule as a matter of law that defendant had breached its contract with plaintiffs Jesus Tapiador, Thelma Tapiador, Ruben Nepomuceno and Pacita Nepomuceno, when it did not pay plaintiffs' claim within sixty (60) days of receipt of the completed proof of loss or give notice of its refusal to be bound by the contract within a reasonable time after the discovery of the alleged misrepresentation.

2. Rule 40(a)(4) states:
No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless *the severable portion of the judgment* from which the appeal is taken is designated in a notice served on the adverse party within fifteen days after judgment is signed, or if a motion for new trial is filed by any party, within seventy-five days after the judgment is signed. (emphasis added.)

3. The court reporter estimated the entire statement of facts will cost $8000 to prepare.

*Shaw v. Greater Houston Trans. Co.,* 764 S.W.2d 390 (Tex.App.—Houston [1st Dist.] 1987, no writ), that the length of the statement of facts is not an adequate basis to support an order raising the cost bond on appeal. If the appeal resolves in appellee's favor, without adequate security, appellee may not be able to recover the funds it has expended. The Tapiador's motion to reduce the cost bond is DENIED.

■ The appellee also asks this Court to increase the bond posted by the Tapiador appellants. After the trial court granted appellee's motion to increase the cost bond, the Tapiador appellants moved the trial court to allow the deposit of a certificate of deposit in the amount of $5500. The court permitted this deposit and held that the Tapiador appellants' initial cost bond of $1000, their certificate of deposit of $5500, along with appellant Chapa's $1000 cost bond, was sufficient to comply with the court's order to post a $7500 cost bond.

Appellee correctly asserts that the trial court's order improperly allows the Tapiador appellants to rely on the Chapa cost bond to prosecute their appeal. If the Tapiador appellants are allowed to rely on Chapa's cost bond, in the event that Chapa prevails in his appeal and the Tapiador appellants do not, appellee will be undersecured by $1000. Accordingly, we order the Tapiador appellants to increase their cost bond by $1000 to $7500 within 20 days of the date of this order. The sufficiency of the Chapa cost bond is not at issue, and will remain at $1000.

It is so ORDERED.

O'CONNOR, J., not participating.