**Frank James SKINNER, a/k/a Frank Jean Skinner, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00148–CR.**

Court of Appeals of Texas, El Paso.

Oct. 17, 1990.

Rehearing Overruled Nov. 14, 1990.

Bruce Weathers, El Paso, for appellant.

Steve Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

OPINION

WOODARD, Justice.

The opinion dated September 12, 1990, is set aside.

On Motion for Rehearing, this Court duly considered the supplemental record consisting of a supplemental statement of facts reflecting a Motion for Directed Verdict by the defendant made after closing arguments and after retirement of the jury to deliberate the guilt/innocence stage of the trial. We, therefore, withdraw the former opinion and substitute the following.

This is an appeal from a jury conviction for delivery of cocaine in which the trial court assessed twenty years' confinement in the penitentiary. We affirm.

The sole point of error contends the trial court erred in failing to grant Appellant's Motion for Directed Verdict, for the reason that there was no evidence of a constructive transfer of the contraband.

The statement of facts brought before us is a "partial one." There is police officer testimony in the guilt/innocence stage that the Appellant delivered the contraband by pushing two packets of contraband to him on a bed in a room occupied by he and the Appellant. The Appellant admitted to the delivery but did not detail the procedure, at least in the testimony brought before us. It is unknown whether he testified at another time as no other testimony in the guilt/innocence stage was requested, and none of the testimony in the penalty phase was designated to be part of the record nor was the court reporter requested to prepare the statement of facts thereof. The possibility of there being evidence in the record supporting the State's theory of delivery must remain undetermined because of an incomplete record. Having failed to present this Court with a complete record of the evidentiary aspect of his trial, Appellant has failed to preserve any of his contentions concerning the adequacy of the evidence to sustain his conviction. *Beck v. State*, 583 S.W.2d 338 (Tex.Crim.App.1979).

Judgment of the trial court is affirmed.