Walter William
**KOERSELMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. A14–89–01006–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 6, 1990.

Robert A. Scardino, Jr., Houston, for appellant.

Lester Blizzard, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

JUNELL, Justice.

Appellant was convicted in a non-jury trial of driving while intoxicated and the trial court assessed punishment at one hundred and eighty (180) days in jail, probated for two years, and a fine of five hundred dollars ($500). Appellant brings two points of error alleging: (1) insufficient evidence to sustain the conviction; and (2) the trial court erred in admitting quantitative evidence of the Horizontal Gaze Nystagmus (HGN) test. We affirm.

On May 9, 1989, Officer Charles Crum, a member of the Houston Police Department's DWI task force, observed appellant driving a blue 1988 Cadillac. The officer followed appellant and observed that appellant failed to maintain a single lane of traffic and was driving in excess of the posted speed limit. Subsequently the officer stopped the appellant and administered the field sobriety tests. Based on appellant's performance on the tests, the officer opined that appellant was intoxicated and arrested him.

In his first point of error appellant contends there is insufficient evidence to support his conviction.

In reviewing challenges to the sufficiency of the evidence to support a conviction we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989) (reconfirming the *Jackson* standard of review). In non-jury trials, the trial judge is the exclusive judge

of the credibility of the witnesses and the weight to be given their testimony. *Mattias v. State*, 731 S.W.2d 936, 939 (Tex.Crim. App.1987).

■ Officer Crum testified that appellant wove between lanes of traffic six times. He stated that appellant was driving sixty-three (63) miles per hour in a thirty-five (35) mile an hour zone. After Officer Crum turned on his emergency equipment in order to stop appellant, the appellant continued driving at a high rate of speed. Once the officer had stopped the appellant he ordered the appellant to put the vehicle in park. The appellant removed his foot from the brake and the vehicle rolled into the intersection. Officer Crum had to shout at appellant to stop the vehicle. Officer Crum testified that appellant had an odor of alcohol on his breath, appeared non-responsive and was glassy-eyed.

Officer Crum administered a series of field sobriety tests to the appellant. The officer testified that appellant failed the "one-leg stand" test[1], the "walk and turn" test[2], the Rhomberg test[3], and the HGN test[4]. After appellant was arrested and given the statutory warnings, he refused the intoxilyzer. Thereafter he was videotaped, some thirty to forty minutes after the arrest. Although appellant's performance was improved, Officer Kenneth Maples, who administered the videotape test, was of the opinion that the appellant was intoxicated.

While the trial court did not believe that appellant **failed** the videotape, it did believe the testimony of Officer Crum and Officer Maples. The trial court was entitled to give greater weight to the tests performed closer in time to the arrest. The testimony of Officer Crum, scrutinized by the trial court, was sufficient to support the conviction. Appellant's first point of error is overruled.

■ In his second point of error appellant complains that the trial court erred in admitting quantitative evidence of the HGN test.

It is a well-settled rule that in a trial before the court, the presumption is entertained that the court as trier of fact disregarded any inadmissible evidence admitted at trial. *Tolbert v. State*, 743 S.W.2d 631, 633 (Tex.Crim.App.1988). The effect of this rule is that appellant carries the burden of proving that the trial court relied upon or even considered the inadmissible evidence in reaching its verdict or determining punishment. *Id.* In *Arnold v. State*, 161 Tex.Cr.R. 344, 277 S.W.2d 106, 107 (Tex.Crim.App.1955), the Court of Criminal Appeals approved the following test to be used to determine whether a reversal is warranted in such a case:

> When a cause is tried before the court and there is nothing to show that the judgment was based upon the inadmissible evidence (such as by findings or conclusions of fact or law) it will be presumed that the trial judge disregarded incompetent evidence admitted at the trial and the judgment will not be reversed on appeal on the ground of the admission of incompetent evidence if sufficient proper evidence was admitted to sustain the judgment.

In this case, even if we assume the evidence complained of by the appellant was inadmissible, the appellant offers no "findings or conclusions of fact or law" to overcome the presumption that the trial court

---

1. The one-leg stand test calls for the subject to hold one foot in the air and count to thirty. Appellant was unable to do this.

2. This test calls for the subject to walk a straight line without stepping off the line. Appellant stepped off the line three times.

3. The Rhomberg test calls for the subject to stand with both feet together with arms to the side. The subject is then asked to tilt his head back, close his eyes and count silently to thirty. Appellant counted seventeen seconds instead of

the required thirty seconds. Appellant also opened his eyes three times during the test.

4. The HGN test calls for the subject's eyes to follow the movement of an object. As the object moves steadily to one side of the subject's field of vision, the subject's eyes eventually fail to track the object smoothly. The test presumes that a sober person will exhibit smooth eye movement up to a greater angle than an intoxicated person.

did not rely on such evidence. The record shows the following finding by the trial court:

> I'm not happy with this case. I thought Mr. Koerselman did quite well on the video. I don't think he failed the video, except the Court sat in serious judgment of these two officers. I don't know the officers. I'm inclined to merely scrutinize their credibility, but I must, based on the hearing and observing the testimony, especially of, I believe, Officer Crum, I can't put out of my mind the facts that he brought to my attention concerning the driving in this case, and Mr. Koerselman, based upon these facts and what the officer testified to, I find you guilty of the offense of driving while intoxicated, and it is the judgment of the Court that you are guilty of the offense of D.W.I.

The trial court makes no reference to the complained of evidence. The appellant has failed to show the trial court relied on inadmissible evidence. Further, the record is replete with evidence, other than that complained of, upon which the trial court could have relied in finding appellant guilty. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

J. CURTISS BROWN, C.J., files a separate opinion concurring in the result.

J. CURTISS BROWN, Justice, concurring.

I concur in the results only. I would hold that the admission of the quantitative evidence of the HGN test was error. However, the cause should be affirmed for the other reasons stated in the majority opinion.