Mathew Benson
**GREENWOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–89–1096–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 15, 1990.

Discretionary Review Granted
March 6, 1991.

W. Troy McKinney, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and SEARS, JJ.

OPINION

JUNELL, Justice.

A jury convicted appellant of misdemeanor assault and the court assessed punishment at thirty days confinement in the Harris County jail, probated for one year and a two hundred dollar ($200) fine. Appellant brings eight points of error. In the first seven points appellant alleges the jurors committed misconduct (1) in applying the incorrect standard of self-defense; (2) in applying its own definition of self-defense; (3) in ignoring the instructions in the court's charge to the jury concerning self-defense; (4) in receiving other evidence by re-enacting the incident; (5) by five male jurors intimidating and coercing juror Sachs, a female, into voting guilty; (6) in finding appellant guilty for the reason that appellant had not proved self-defense beyond a reasonable doubt; and (7) in ignoring the instruction in the court's charge concerning the measure of force allowable by one under unlawful attack and in applying its own legal standard of the same or equal force rather than the degree of force reasonably necessary. In the eighth point of error appellant alleges the evidence is

insufficient to support the conviction. We affirm.

■ The initial question posed by this appeal is the right of an appellant in a criminal case to bring a limited appeal under TEX.R.APP.P. 53(d). Attorneys for both sides agree this is a case of first impression. From our own research we have been unable to find any criminal cases where a limited appeal has been used. The State argues that Rule 53(d) is not applicable in criminal cases. We disagree.

TEX.R.APP.P. 53(d) states:

If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

This rule allows an appellant to limit his appeal to those points he deems necessary, and by doing so to limit his costs in the preparation of the statement of facts. When an appellant complies with Rule 53(d), he gains a presumption that the omitted portions are irrelevant to the disposition of his appeal. The appellee's remedy, if he believes other portions of the evidence are relevant, is to designate additional portions to be included in the statement of facts. Rule 53(d) has been used many times in civil cases. *See e.g., Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex.1990); *Tapiador v. North American Lloyds of Texas*, 772 S.W.2d 954 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Prather v. McNally*, 757 S.W.2d 124 (Tex.App.—Dallas 1988, no writ).

The Texas Rules of Appellate Procedure apply to civil and criminal cases. In some areas a distinction is made between rules to be applied in civil cases and rules to be applied in criminal cases. In fact, some sections refer exclusively to one area or the other, clearly indicating the area of law to which they refer. However, certain rules apply to civil and criminal cases; and where a distinction is necessary, it is made in subsections within the rule itself. Rule 53 is such a rule.

Rule 53 contains thirteen (13) subsections labelled (a) through (m). Subsections (e) and (j)(1) expressly apply to civil cases. Subsections (j)(2), (*l*) and (m) expressly apply to criminal cases. Subsections (g) and (h) concern the Texas Supreme Court and the Texas Court of Criminal Appeals making orders as to court reporter fees and the form of the statement of facts. The remaining subsections make no specific reference to civil or criminal areas. The State argues that since no specific reference to either civil or criminal cases is made in subsection (d), the rule must apply only to civil cases. Such reasoning is unsound. It is more logical to infer that Rule 53 applies to both civil and criminal cases except where particular subsections expressly make it applicable only to one or the other.

Therefore, we find that limited appeals are proper in criminal cases, and that such appeals are to be encouraged, when possible, in the interest of judicial economy.

■ In this case with respect to the seven jury misconduct points of error appellant has brought a proper limited appeal under Rule 53. He brought forward only the transcript and a portion of the testimony from the motion for new trial and he designated the points of error he would rely on for appeal. Later in this opinion we consider whether an appellant must always bring a complete statement of facts from the trial of the case in order to present insufficient-evidence points of error.

■ In his first, second, third, sixth and seventh points of error, appellant contends that the jury committed misconduct and that the trial court erred in denying his motion for new trial. The gist of these five points is that the jury ignored the court's instructions on self-defense and used its own standards and definitions.

At the hearing on motion for new trial,

appellant called juror Sachs to testify.[1] Appellant's counsel asked juror Sachs about discussions concerning self-defense that had occurred in the jury room during deliberations. The prosecutor objected stating that such testimony concerned mental processes of the jury during deliberations and was therefore inadmissible. The court overruled the objection. Appellant's counsel continued to ask juror Sachs questions which concerned the deliberation period. He asked juror Sachs about discussions, what other jurors told her, and what she believed the law to be and why. The prosecutor renewed his objection several times and each time he was overruled.

At a hearing on a motion for new trial, the trial court is the trier of fact and his findings should not be disturbed unless an abuse of discretion has been shown. *Keady v. State,* 687 S.W.2d 757, 759 (Tex. Crim.App.1985). The burden is on the appellant to establish the veracity of any allegations contained in a motion for new trial. *Dugard v. State,* 688 S.W.2d 524, 528 (Tex. Crim.App.1985).

The record before this court contains the testimony of only one juror. The testimony consists solely of the mental processes of the jury and fails to show any evidence of outside influence or evidence of any of the grounds set forth in TEX.R.APP.P. 30(b). The law is well-settled that jurors are incompetent to impeach their verdict by affidavit or testimony about their mental processes during deliberations. *Daniels v. State,* 600 S.W.2d 813, 816 (Tex.Crim.App. 1980); *Berry v. Smith,* 588 S.W.2d 932 (Tex.Crim.App.1979); *Hill v. State,* 493 S.W.2d 847 (Tex.Crim.App.1973). This case appears to be an attempt to impeach the jury's verdict by showing the reasons for the conclusion reached and the mental processes by which the jury reached its verdict. This is an improper manner in which to impeach a jury verdict. *Daniels,* 600 S.W.2d at 816. Appellant's first, second, third, sixth and seventh points of error are overruled.

In his fourth point of error appellant contends that the jury committed misconduct and the trial court erred in denying his motion for new trial in that the jury received other evidence. Appellant claims that the jury conducted an experiment by re-enacting the event.

There is absolutely no evidence before this court that such an "experiment" ever took place. As stated above, appellant brought before this court only the testimony of juror Sachs. Nowhere in her testimony or in her affidavit does she even allude to any experiment or re-enactment. Appellant's fourth point of error is overruled.

In his fifth point of error appellant asserts that the five male jurors coerced and intimidated juror Sachs, a female, into voting guilty.

Again, there is no evidence in juror Sachs' testimony to support such an assertion. In fact, in her affidavit she stated:

"What would you have done?" This question was posed to me by the other jurors as they raised their fists in front of my face.

But immediately following this portion of the affidavit juror Sachs added a handwritten explanation which she initialed:

(For illustration purposes.) /s/ M.S.

Thus, the only evidence that could have possibly been construed as coercive or intimidating was negated by juror Sachs in her own handwriting. Appellant's fifth point of error is overruled.

■ In his eighth point of error appellant argues there is insufficient evidence in the record to support his conviction. Appellant brought his case to this court as a limited appeal under TEX.R.APP.P. 53(d). He submits that since he designated only a portion of the motion for new trial to be included in his statement of facts on appeal, and the state chose not to include any other portions, that there is no evidence in the record to sustain his conviction. Appellant argues that the presumption allotted to him under Rule 53(d) that "... nothing omitted from the record is relevant to any

---

1. The testimony of juror Sachs is the only testimony and the only portion of the hearing on the

motion for new trial which appears in the record.

of the points specified or to the disposition of the appeal ..." means that the state was required to bring the statement of facts from the trial before this court, and since it did not he is entitled to an acquittal. Appellant is incorrect.

As stated above this court has found no criminal cases employing limited appeals. However, since the rule has been applied in civil actions, we will look to the civil law concerning the use of Rule 53(d) and insufficient evidence points.

In a limited appeal case, the Texas Supreme Court held that when an appellant complains of no evidence to support a trial court's finding, the appellant cannot discharge his burden of showing error in the absence of a complete or an agreed statement of facts. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968) (per curiam). An appellant bringing forth a conventional, written statement of facts may not omit any material if he wishes to urge no-evidence or insufficient-evidence points of error. *Tapiador v. North American Lloyds of Texas*, 772 S.W.2d 954, 955 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Rowlett v. Colortek, Inc.*, 741 S.W.2d 206, 208 (Tex.App.—Dallas 1987, writ denied). TEX.R.APP.P. 50(d) places the burden upon the appellant to see that a sufficient record is presented to show error on appeal. *Rowlett*, 741 S.W.2d at 208. If an appellant wishes to raise an insufficient-evidence point, he must show that there is insufficient evidence in the entire record to support the trial court's judgment. *Id.* It is impossible to show that there is insufficient evidence in the entire record without bringing forward the entire record.

Rule 53(d) is a rule allowing for limited appeals. The raising of an insufficiency point, by its very nature, brings the entire controversy into question. The Texas Supreme Court has made it clear that it is not possible to raise no-evidence or insufficient-evidence point in a limited appeal. This being a question of first impression with regard to a criminal case, and looking to the civil law for guidance, we find that the same rule must apply; that is, an appellant must bring forward the entire record if he

wishes to urge an insufficient-evidence point of error. Appellant brought forward no statement of facts from the trial. Therefore, appellant's eighth point of error is overruled.

The judgment of the trial court is affirmed.