**James Hoyt O'NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-90-00732-CR.**

Court of Appeals of Texas, Dallas.

May 31, 1991.

Discretionary Review Granted Sept. 25, 1991.

E.X. Martin, III, Dallas, for appellant.

April E. Smith, Dallas, for appellee.

Before STEWART, THOMAS and MALONEY, JJ.

## OPINION

STEWART, Justice.

A trial court found appellant, James Hoyt O'Neal, guilty of the misdemeanor offense of driving while intoxicated (DWI) and assessed punishment at ninety days' confinement, probated for two years, and a $500 fine. In two points of error, appellant contends that the evidence is insufficient to sustain his conviction for DWI and to prove that he did not have normal use of his mental and physical faculties by reason of the introduction of alcohol into his body. We affirm the judgment of the trial court.

Appellant was involved in a three-car collision. Dallas Police Officer D.T. Marchetti, who observed the accident, testified that the collision occurred when a pickup truck struck appellant's Lincoln Continental from behind, forcing appellant's car to strike the rear of the Ford Bronco that was stopped in front of him. The accident was not appellant's fault; it was caused by the driver of the truck that struck appellant. After determining that no one was seriously injured, Marchetti ordered two wreckers and some "cover" to assist him with the accident. Marchetti smelled alcohol on appellant's breath when appellant got out of his car and decided to perform a horizontal gaze nystagmus test[1] on the three drivers involved in the accident. Appellant and the driver of the pickup truck failed the test, and Marchetti arrested them for DWI. Marchetti testified that, in his opinion, appellant was intoxicated by reason of the introduction of alcohol into his body and did not have the normal use of his mental and physical faculties.

In two points, appellant contends that the evidence is insufficient to support his conviction for DWI and to prove that he did not have normal use of his mental and physical faculties by reason of the introduction of alcohol into his body. Appellant has designated his appeal as a limited appeal under rule 53(d) of the Texas Rules of Appellate Procedure. That rule provides as follows:

> **(d) Partial Statement.** If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

TEX.R.APP.P. 53(d). Pursuant to rule 53(d), appellant requested the court reporter to prepare a partial statement of facts, which included only the testimony of Marchetti, and included a statement of the points, all of which challenged the sufficiency of the evidence, to be relied on.

Rule 53 was preceded by rule 377 of the Texas Rules of Civil Procedure. When the Texas Rules of Civil Procedure were first amended to permit the filing of a partial statement of facts, the Subcommittee on Interpretation of the Texas Rules of Civil Procedure stated that "[t]he record ... on appeal should be limited as far as possible to the questions relied on for reversal." *Rowlett v. Colortek, Inc.*, 741 S.W.2d 206, 208 (Tex.App.—Dallas 1987, writ denied) (quoting Advisory Opinion, 8 TEX.B.J. 17, 18 (1945)). The Subcommittee later stated that "there [would] be no presumption that matter omitted from the statement of facts sustains the judgment."

---

**1.** The HGN test is a field sobriety test which requires the subject's eyes to follow the movement of an object, in this case the officer's finger. As the object moves steadily to one side of the subject's field of vision, the officer observes the degree of nystagmus the individual possesses. Nystagmus means rapid, involuntary movement of the eyeballs. The subject's eyes eventually fail to track the object smoothly. The test presumes that a sober person will exhibit smooth eye movement up to a greater angle than an intoxicated person. *Koerselman v. State*, 802 S.W.2d 797, 798 n. 4 (Tex.App.—Houston [14th Dist.] 1990, no pet.).

*Rowlett,* 741 S.W.2d at 208 (quoting Advisory Opinion, 8 TEX.B.J. 27 (1945)). Notwithstanding the language of rule 53(d) and its predecessor, appellate courts have held that, in the absence of a complete statement of facts, appellants who complain of no evidence or insufficient evidence to support the trial court's judgment cannot discharge their burden of showing error. *Greenwood v. State,* 802 S.W.2d 10, 12–13 (Tex.App.—Houston [14th Dist.] 1990, pet. granted); *Skinner v. State,* 799 S.W.2d 402, 403 (Tex.App.—El Paso 1990, pet. granted); *see also Englander Co. v. Kennedy,* 428 S.W.2d 806, 806–07 (Tex. 1968) (per curiam); *Tapiador v. North Amer. Lloyds,* 772 S.W.2d 954, 955 (Tex. App.—Houston [1st Dist.] 1989, no writ); *Rowlett,* 741 S.W.2d at 208–09; *accord Beck v. State,* 583 S.W.2d 338, 348 (Tex. Crim.App.1979).[2] Thus, an appeal cannot be limited where the appellant brings insufficient evidence points of error, because such issues necessarily call the entire controversy into question and require consideration of the *entire* record. *Greenwood,* 802 S.W.2d at 13; *Tapiador,* 772 S.W.2d at 955; *see* TEX.R.APP.P. 50(d) (burden is on the appellant to see that sufficient record is presented to show reversible error). As this Court explained in *Rowlett:*

> If an appellant wishes to raise a no-evidence or an insufficient-evidence point of error, he must necessarily show that there is no evidence, or only insufficient evidence, *in the entire record* to support the trial court's judgment. It is impossible to show that there is no, or only insufficient, evidence in the entire record, without bringing forward the entire record.... To hold otherwise would be to shift the entire burden of proof on appeal. [The appellee] would then be in the position of having to supply a transcription of the remainder of the statement of facts, in order to demonstrate that the trial court, in fact, made the correct findings, supported by sufficient evidence.

*Rowlett,* 741 S.W.2d at 208; *see also Greenwood,* 802 S.W.2d at 13; *Tapiador,*

772 S.W.2d at 955. We conclude that, because appellant failed to present this Court with a complete record of the evidentiary aspect of his trial, he has failed to preserve any of his contentions concerning the sufficiency of the evidence to sustain his conviction. *Beck,* 583 S.W.2d at 348; *Skinner,* 799 S.W.2d at 403. We overrule appellant's first and second points.

The judgment of the trial court is affirmed.

---

**2.** Although *Beck* was decided prior to the application of limited appeals to criminal cases through rule 53(d), it is in accord with the opinions interpreting that rule.