**James Hoyt O'NEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 764–91.**

Court of Criminal Appeals of Texas, En Banc.

March 18, 1992.

**1.** Rule 53(d) provides that:
  "... If appellant requests or prepares a partial statement of facts, he shall include in his

Leslie McFarlane, E.X. Martin, III, Dallas, for appellant.

John Vance, Dist. Atty. and April E. Smith, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

McCORMICK, Presiding Judge.

Following a trial before the court, the trial court found appellant guilty of the offense of driving while intoxicated and sentenced him to a jail sentence of 90 days, probated for two years, and a fine of $500.00. Appellant filed a timely notice of appeal from his conviction and sentence. Pursuant to Rule 53(d) of the Texas Rules of Appellate Procedure [1], appellant requested the court reporter to prepare a partial statement of facts, which included only the testimony of his arresting officer. Appellant raised four points of error on appeal, all of which involved the sufficiency of evidence supporting his conviction. The Dallas Court of Appeals, in a published opinion, held that appellant, by requesting

request or proposal a statement of the points to be relied on and shall thereafter be limited to such points. If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

only a partial statement of facts, failed to preserve his sufficiency of the evidence issues for review. *O'Neal v. State*, 811 S.W.2d 219 (Tex.App.—Dallas 1991). The court therefore overruled his points of error. We granted appellant's petition for discretionary review and now affirm the decision of the Court of Appeals.

 In his petition, appellant argues that the Court of Appeals erred in holding that he failed to preserve his sufficiency of the evidence issues for appellate review because Rule 53(d) specifically permits the filing of a partial statement of facts. Appellant further argues that under the rule his filing of a partial statement of facts created a presumption on appeal that the omitted portion of the record was irrelevant to the sufficiency issues he raised.

We recently addressed these identical arguments in *Greenwood v. State*, 823 S.W.2d 660 (Tex.Cr.App.1992). In that case, we held that the presumption set forth in Rule 53(d) does not apply to a defendant who argues on appeal that there was insufficient evidence to sustain his or her conviction. We stated that an appellate court cannot determine the merits of such an argument without a review of the entire record of the trial before the fact finder. We further stated that Rule 50(d), Texas Rules of Appellate Procedure, places the burden on the "appellant, or other party seeking review, to see that a sufficient record is presented to show error requiring reversal." We therefore held that a defendant who wishes to raise a sufficiency issue on appeal has the burden of ensuring that the entire record of the trial before the fact finder is before the appellate court, and may not request a partial statement of facts and rely on the presumption of Rule 53(d).

Based on *Greenwood*, we hold that the Court of Appeals correctly held that appellant failed to preserve his sufficiency of the evidence claims for appellate review when he requested only a partial statement of facts from the court reporter, and thereby provided the Court of Appeals with only a partial record of the trial court proceed-

ings. We therefore affirm the judgment of the Court of Appeals.

CLINTON and MILLER, JJ., dissent.