**Frank James SKINNER a/k/a Frank Gene Skinner, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 206–91.**

Court of Criminal Appeals of Texas, En Banc.

April 1, 1992.

Rehearing Denied Sept. 30, 1992.

Concurring Opinion of Judge Clinton on Denial of Rehearing Sept. 30, 1992.

Bruce W. Weathers, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Regina Arditti, Asst. Dist. Atty., El Paso, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by a jury of delivery of a controlled substance. The

trial judge assessed punishment at twenty years confinement. The Court of Appeals affirmed. *Skinner v. State*, 799 S.W.2d 402 (Tex.App.—El Paso 1990). We granted appellant's petition for discretionary review. We will affirm the judgment of the Court of Appeals.

## I.

A recitation of the pertinent facts is necessary to address appellant's questions for review. Appellant's two count indictment alleged the offense of delivery of a controlled substance by actual transfer and constructive transfer. Five witnesses testified at appellant's trial: Darius Neyland, Jose Castro, John Rudd, Rudolfo Martinez and appellant. The trial judge charged the jury only on the theory of constructive transfer alleged in Count II. After the jury retired to deliberate, appellant moved for an instructed verdict, contending the evidence was insufficient to establish the offense of delivery of a controlled substance by constructive transfer. The trial judge denied the motion and the jury convicted appellant.

Appellant, in his designation of record on appeal, requested a transcription of his own testimony and the testimony of Darius Neyland. *See*, Tex.R.App.P. 50(b). On direct appeal, appellant's sole point of error challenged the sufficiency of the evidence to support the conviction.[1] The Court of Appeals affirmed the conviction holding that by providing only a "partial" statement of facts appellant

> failed to present this Court with a complete record of the evidentiary aspect of his trial, Appellant has failed to preserve any of his contentions concerning the adequacy of the evidence to sustain his

conviction. *Beck v. State*, 583 S.W.2d 338 (Tex.Cr.App.1979).

*Skinner*, 799 S.W.2d at 403.

Appellant's petition for discretionary review was granted on May 8, 1991. On June 13, 1991 we granted appellant's motion for leave to file a supplemental statement of facts and on June 26, 1991 we received a transcription of the testimony of Jose Castro and John Rudd. However, the testimony of Rudolfo Martinez is still lacking from the record before us.

## II.

Appellant's first question for review presents a question recently considered by this Court, namely may a defendant challenge the sufficiency of the evidence to support his conviction with only a partial statement of facts.[2] We answered the question in the negative, holding that an appellate court cannot determine the merits of a challenge to the sufficiency of the evidence without a review of the entire record of the trial before the fact finder. *Greenwood v. State*, 823 S.W.2d 660, 661 (Tex.Cr.App.1992). In *O'Neal v. State*, 826 S.W.2d 172 (Tex.Cr.App.1992) we held: "[a] defendant who wishes to raise a sufficiency issue on appeal has the burden of ensuring that the entire record of the trial before the fact finder is before the appellate court, and may not request a partial statement of facts and rely on the presumption of Rule 53(d)." *O'Neal*, 826 S.W.2d at 173.

As previously noted, although the appellate record has been supplemented, the statement of facts lacks the testimony of Rudolfo Martinez. Therefore, the record before us is *not* the entire record of the trial before the fact finder. Accordingly, appellant's question for review is overruled.

---

1. Specifically, appellant contended in his point of error:
   THE TRIAL JUDGE ERRED IN FAILING TO GRANT APPELLANT'S MOTION FOR DIRECTED VERDICT, FOR THE REASON THAT THERE WAS NO EVIDENCE OF A CONSTRUCTIVE TRANSFER.

2. Specifically, appellant's first question asks:

Does this Court's opinion in *Beck v. State* bar review of a sufficiency of evidence point as to one element of the offense where the partial statement of facts presented to the Court of Appeals contains sufficient information for the Court to consider and dispose of the single issue raised on appeal?

## III.

Appellant's second question for review asks: "Does this Court's opinion in *Beck v. State* [583 S.W.2d 338 (Tex.Cr.App.1979) ], apply to an indigent defendant?" The record reflects that appellant filed a "Motion for Free Statement of Facts" and the court reporter was ordered to prepare the statement of facts "at no charge to the Defendant." Appellant originally requested the court "reporter transcribe the entire proceedings in this cause...." However, appellant subsequently filed an "Amended Request for Preparation of Statement of Facts" which "specifically requested that the [court] reporter transcribe the matters and proceedings set forth in the Designation of Record." As previously noted, appellant designated only his own testimony and the testimony of Darius Neyland.

It is apparent from the record that appellant's decision to bring forth only a partial statement of facts is unrelated to his indigent status. Therefore, our decision to grant appellant's second question for review was improvident. Accordingly, appellant's second question for review is dismissed.

## IV.

Appellant's third question for review asks: "Does the application of *Beck v. State* to the instant situation conflict with Texas Rule of Appellate Procedure 53(c) and *Robinson v. State*, [661 S.W.2d 279 (Tex.App.—Corpus Christi 1983, no pet.) ]?" [3] We believe the more timely question to be: Does the application of *Greenwood* conflict with Rule 53(c)? We answer the question in the negative.

Tex.R.App.P. 53(c) provides:

All matters not essential to the decision of the questions presented on appeal shall be omitted. Formal parts of all exhibits and more than one copy of any document appearing in the statement of facts shall be excluded. All documents shall be abridged by omitting all irrelevant and formal portions thereof.

In *Greenwood*, we held that the entire statement of facts was essential for an appellate court to review a sufficiency of the evidence claim.

... In its sufficiency review, a reviewing court bears the responsibility of reviewing the entire record in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [*Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781 [2788], 61 L.Ed.2d 560 (1979) ] This constitutional mandate is predicated upon the ability of the reviewing court to consider all the relevant evidence in a given case. The presentation of only a partial record makes such a consideration impossible. Because the reviewing court must consider all relevant record evidence and Rule 50(d) requires that the complaining party present sufficient portions of the record to demonstrate error of a reversible nature, the entire record of the trial before the fact finder is necessary to show error when an appellant raises a sufficiency point of error. [*O'Neal v. State*, 811 S.W.2d 219, 221 (Tex.App.—Dallas, 1991, pet. granted) ]....

\* \* \* \* \* \*

... We hold that without an agreed or complete statement of facts, an appellate court cannot consider the "facts" of the case to determine whether or not sufficient evidence exists to support the conviction.

*Greenwood,* 823 S.W.2d at 661.

We find no conflict between Rule 53(c) and *Greenwood.* Simply stated, the appellate record must contain all matters essential to resolution of the points of error raised on appeal. In that regard, the entire record of the trial before the fact finder is essential for an appellate court to resolve a point of error challenging the sufficiency of the evidence to support the conviction.

---

**3.** The decision in *Robinson* is not controlling because its holding was limited to the "policy of [the Corpus Christi Court of Appeals] on certain matters pertaining to criminal appeals." *Robinson v. State,* 661 S.W.2d 279, 281 (Tex.App.—Corpus Christi 1983).

Appellant's third question for review is overruled.

The judgment of the Court of Appeals is affirmed.

BENAVIDES, J., concurs in result.

CLINTON, J., dissents.

## OPINION CONCURRING IN DENIAL OF APPELLANT'S MOTION FOR REHEARING

CLINTON, Judge, concurring.

The majority opinion on original submission verifies a paraphrastic rendition of a certain common law maxim: The hard *Greenwood* case made bad law. See *Greenwood v. State*, 823 S.W.2d 660 (Tex. Cr.App.1992), affirming *Greenwood v. State*, 802 S.W.2d 10 (Tex.App.—Houston [14th] 1990). *Accord: O'Neal v. State*, 826 S.W.2d 172 (Tex.Cr.App.1992).

The *Greenwood* court went beyond the narrow context of the question presented, first to lay down and then elaborate on a broader proposition, *viz.*: "The presumption of Rule 53(d) does not apply to *sufficiency* challenges." *Id.*, at 661–662.[1] In the instant cause the Court adheres to *Greenwood*, although again the issue is not properly presented here.

The State asserts here, as it did in the court of appeals, that appellant "violated Rule 53(d)." Brief for the State, at 2; Brief for the State, at 2. As the record reflects, the fact of the matter is that appellant failed to comply with the mandatory requisite condition prescribed in Rule 53(d) for appealing on a partial statement of facts, *viz.*: "[Appellant] *shall* include in his request [for a partial statement of facts] a statement of the points to be relied on and shall thereafter be limited to such points."[2]

For that reason alone the motion for rehearing is without merit.[3] Accordingly, I

---

**1.** In *Greenwood,* supra, defendant filed and obtained a rehearing on his motion for new trial. When it was denied he then gave notice of appeal and "pursuant to Rule 53(d)" requested the court reporter to prepare a statement of facts, designating "only the testimony of [a named juror] from the Motion for New Trial hearing." His designation enumerated ten points of error upon which he would rely on appeal, one of which claimed that "[t]he evidence was insufficient to sustain the conviction." On appeal all other points dealt with alleged jury misconduct. *Greenwood* (Clinton, J., concurring at 665); see also *Greenwood,* supra, 802 S.W.2d, at 11–12.

Notwithstanding that an issue of sufficiency of evidence adduced at trial to sustain a judgment of conviction may be tendered as an issue by motion for new trial, Rule 30(b)(9), the rule still is that *"new"* testimony extrinsic the record to establish insufficiency cannot be used to contradict, supersede or substitute for evidence introduced at trial. *Greenwood* (Clinton, J., concurring at 666). The rule is not to be confused with, for example, that which is *"newly discovered evidence."* See e.g., *Jones v. State,* 711 S.W.2d 35, at 36–37 (Tex.Cr.App.1986).

All emphasis supplied above and throughout is mine unless otherwise indicated.

**2.** Contemporaneously with his notice of appeal appellant filed the following papers:

Designation of Record on Appeal—in which he requested the record include, *inter alia*:
 2. The testimony of Darius Neyland.
 3. The testimony of Frank Skinner.

11. The request by the Defendant for a Statement of Facts in this cause.
Motion for Free Statement of Facts—without limitation
 Request for Preparation of Statement of Facts—in which he "specifically" requested the court reporter to "transcribe the entire proceedings in this cause[.]"
 Defendant's Affidavit for Indigency—swearing that he was unable to pay for, *inter alia,* "the Statement of Facts," and requesting the court to order the reporter to furnish "a Statement of Facts of the entire trial proceedings[.]"
Some two weeks later appellant filed an "Amended Request for Preparation of Statement of Facts," in which he "specifically requested that the reporter transcribe the matters and proceedings set forth in the *Designation of Record* filed herein." See above. On the same day the judge of the trial court signed an "Order Granting Statement of Facts."
In none of these pleadings did appellant include "a statement of the points to be relied on," as required by Rule 53(d).

**3.** The procedural default aside, the simple facts *of this case reveal the utter errancy of rationale* in *Greenwood.*

Its linchpin is that to comply with its constitutional mandate a reviewing court must be enabled to "consider all *relevant* evidence in a given case," and its asserted belief is that "presentation of only a partial record makes such consideration impossible." *Id.*, at 661. Not true in this cause.

now concur only in the judgment of this Court affirming the judgment below.

The indictment alleged appellant delivered a controlled substance to Darius Neyland [an undercover officer] by actual transfer [in count one], and by constructive transfer [in count two]. Tr. 3–6. That appellant personally delivered the cocaine to officer Neyland behind the closed door in a bedroom of appellant's house when no one else was in the room is absolutely undisputed. Neyland testified that appellant placed two packets of "a white powdery substance" on the bed and pushed them across the bed to Neyland, he picked them up and "checked to see what I had;" he then immediately identified State's Exhibit One as the two packets "that were pushed across the bed to me" containing the "white powdery substance," which "tested positive for presence of cocaine" in a field test. II S.F. 14–16. In his own testimony Appellant disputed none of those facts, relying instead on an entrapment defense initiated by a woman who urged him to get "some cocaine" for her friend, who turned out to be Neyland. II S.F. 22–43.

The court charged the jury only on "constructive transfer" alleged in count two, and appellant represents that was done on election by the State; in any event, the prosecutor did not object. II S.F. 55. Appellant moved for an instructed verdict on the ground that there was no evidence of a "constructive transfer." After the jury returned its verdict and the court rendered a written judgment, appellant moved for judg-

ment non obstante verdicto and to vacate the judgment on the same ground.

On appeal he presented only one point of error, *viz:*

"The trial judge erred in failing to grant appellant's motion for directed verdict, for the reason that there was no evidence of a constructive transfer."

Appellant's Brief at 2. Stated another way, his sole contention is that the undisputed evidence shows an "actual transfer" rather than a "constructive transfer," and therefore the verdict of the jury is not supported by, and indeed is contrary to "all the relevant evidence." In short, the question is one of law, not fact.

In my judgment, appellant presented a record that most certainly contains "all the relevant evidence" of the offense alleged in count two of the indictment, the only offense the court submitted to the jury, and that is germane to his single point of error. To say that the point may not be decided by an appellate court because the record does not contain a statement of facts of demonstrably irrelevant evidence is not only an egregious injustice to this appellant, but a total rejection of judicial policy considerations supporting utilization of a partial statement of facts, as well as a disservice to the studied determination of this Court to effectuate and implement those considerations by adopting and promulgating Rule 53(d).