**Opinion filed October 30, 2025**



# In The

# Eleventh Court of Appeals

_____

## No. 11-24-00188-CR

_____

## SHERMAN JERIMAINE HUNTER, Appellant[1]

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law**
**Taylor County, Texas**
**Trial Court Cause No. 1-832-23**

## M E M O R A N D U M   O P I N I O N

Appellant, Sherman Jerimaine Hunter, was charged with speeding, a Class C misdemeanor, and was found guilty by a municipal court judge. *See* TEX. TRANSP. CODE ANN. §§ 545.351–.352 (West 2022). Appellant filed a de novo appeal in

---

[1]We note that Appellant's name as it appears on the ticket and other documents in the clerk's record is Sherman Jerimane Hunter, but that the name in the trial court's charge is Sherman Jerimaine Hunter.

Taylor County Court at Law, a jury found him guilty of the offense, and the trial court ordered him to pay a fine of $150 plus court costs. *See id.* § 542.401. Appellant appeals the judgment of the County Court at Law to this court. We affirm.

Appellant's pro se brief reads in its entirety.

During traffic stop [sic] was told speed limit was 60 mph, but I noticed that it was actually 70 mph.

There wasn't anything criminal about the stop by any mean[s.] It's a wonder on how many people were fals[e]ly accuse[d] in his six year[s] on the force. Judge Ignored the facts after using his intimidation tactic along with supervisor of the officer. He pulled me over the day before and accused me of speeding. In which he lied and used it as an Intim[i]dating tactic. I believe that[.] I belie[ve] that judge has a person[al] relationship with the District Attorney[.]

For reasons explained below, we conclude that Appellant's brief presents nothing for our review. *See* TEX. R. APP. P. 38.1; *see also Smith v. State*, No. 11-12-00326-CR, 2014 WL 3882192, at *1 (Tex. App.—Eastland Aug. 7, 2014, pet. ref'd) (mem. op., not designated for publication).

The Texas Rules of Appellate Procedure set forth requirements for an appellant's brief. TEX. R. APP. P. 38.1. The brief must include, among other things, "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). While we construe the briefing rules liberally and afford appellants wide latitude to present their issues, we have "no 'obligation to construct and compose [an] appellant's issues, facts, and arguments with appropriate citations to authorities and to the record.'" *Wolfe v. State*, 509 S.W.3d 325, 343–34 (Tex. Crim. App. 2017) (quoting *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)). Moreover, an appellant's status as a pro se litigant does not relieve him of his duty to properly brief his claims for appellate review. *Black v. State*, No. 11-22-00334-CR, 2024 WL 3056093, at *2 (Tex. App.—

Eastland June 20, 2024, no pet.) (mem. op., not designated for publication) (citing *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988)).

Here, Appellant's brief does not: outline a legal argument, direct us to evidence in support of any issues, or provide a cogent argument with citations to evidence in the record and legal authority in support of such an argument. *See* TEX. R. APP. P. 38.1(d), (f), (i). What we construe to be Appellant's argument is muddled, conclusory, and mere denial unsupported by any legal authority or evidence in the appellate record. It provides no basis for reversal of the trial court's judgment, which ostensibly is the relief Appellant seeks. He therefore presents nothing for our review. *See, e.g.*, *Bohannan v. State*, 546 S.W.3d 166, 179 (Tex. Crim. App. 2017) (concluding a pro se litigant's "bare claim that the prosecution and conviction are 'fundamentally unfair' and violate 'any notion of due process or due course of law,' with nothing else, is conclusory, does not make an argument, and does not contain any citations to appropriate authorities" and was accordingly, inadequately briefed); *Lucio v. State*, 351 S.W.3d 878, 898 (Tex. Crim. App. 2011).

It is apparent from the tenor of Appellant's brief that he is dissatisfied with his conviction; however, dissatisfaction alone is not enough to sustain an appeal. *Smith*, 2014 WL 3882192, at *2. Even assuming, but not deciding, that Appellant raises what we presume to be a challenge to the sufficiency of the evidence and a challenge to the trial court's impartiality, Appellant's issues on appeal still fail. We have reviewed the limited record, and we conclude that no fundamental error occurred in this case. *See id.* (first citing *Ashcraft v. State*, 802 S.W.2d 905, 906 (Tex. App.—Fort Worth 1991, no pet.); then citing *Meza v. State*, 742 S.W.2d 708, 709 (Tex. App.—Corpus Christi 1987, no pet.); and then citing TEX. R. APP. P. 38.8(b)(4)).

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the charged offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Garcia v. State*, 667 S.W.3d 756, 761 (Tex. Crim. App. 2023); *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

In conducting a sufficiency review, we consider all the evidence admitted at trial, including evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Brooks*, 323 S.W.3d at 899; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard is deferential and accounts for the factfinder's duty to resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. We may not reevaluate the weight and credibility of the evidence to substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Thus, if the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012); *Clayton*, 235 S.W.3d at 778.

The evidence need not directly prove the defendant's guilt; circumstantial evidence is as probative as direct evidence in establishing the defendant's guilt, and circumstantial evidence alone can be sufficient to establish guilt. *Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013) (citing *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Each fact need not point directly and independently to the defendant's guilt if the cumulative force of all incriminating circumstances is sufficient to support the defendant's conviction. *Hooper*, 214 S.W.3d at 13. Therefore, in evaluating the sufficiency of the evidence, we treat direct and circumstantial evidence equally, and we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017); *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015); *Isassi*, 330 S.W.3d at 638; *Hooper*, 214 S.W.3d at 13.

Section 545.351(a) of the Transportation Code provides that "[a]n operator [of a motor vehicle] may not drive at a speed greater than is reasonable and prudent under the circumstances then existing." TRANSP. § 545.351(a). Under the code, driving at a speed in excess of established limits is prima facie evidence that the driver's speed was not reasonable and prudent and that the speed was unlawful. TRANSP. § 545.352(a); *Yoda v. State*, 630 S.W.3d 470, 479 (Tex. App.—Eastland 2021, pet. ref'd). While not evidence, the information alleged that Appellant was driving a motor vehicle at a speed of seventy-seven miles per hour in a sixty-mile-per-hour zone.

Significantly, we have no reporter's record here to ascertain what the officer testified to at trial. In this regard, following Appellant's notice of appeal, he filed a letter notifying this court that he did not intend for the reporter's record to be included. In a criminal case, if an appellant complains that "the evidence is

5

insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt or innocence and punishment." TEX. R. APP. P. 34.6(c)(5); *see O'Neal v. State*, 826 S.W.2d 172, 173 (Tex. Crim. App. 1992) ("[A] defendant who wishes to raise a sufficiency issue on appeal has the burden of ensuring that the entire record of the trial before the fact finder is before the appellate court."). Notations in the clerk's record indicate that at least one witness testified at trial, but none of the evidence admitted at trial is before us in this appeal. Without a reporter's record, Appellant cannot demonstrate that the evidence is insufficient. *See Skinner v. State*, 837 S.W.2d 633, 634 (Tex. Crim. App. 1992) ("[A]n appellate court cannot determine the merits of a challenge to the sufficiency of the evidence without a review of the entire record of the trial before the fact finder."); *OK Kum Lowe v. State*, No. 03-15-00685-CR, 2016 WL 2342964, at *2 (Tex. App.—Austin Apr. 28, 2016, no pet.) (mem. op., not designated for publication) (concluding the same); *see also Eggert v. State*, No. 11-10-00177-CR, 2012 WL 1739048, at *2 (Tex. App.—Eastland May 17, 2012, no pet.) (mem. op., not designated for publication) ("Appellant's failure to cause a reporter's record to be filed in this cause precludes a review of his evidentiary issues.").

What we construe as Appellant's challenge to the trial court's impartiality also suffers from the absence of a necessary filing. On the day of trial, four minutes before the jury trial was set to begin, Appellant filed an unverified motion to dismiss the case, arguing that the "Judge is to[o] invested in this case and also manipulation and intimidation." It is unclear from the record whether a hearing was held on Appellant's motion or whether Appellant provided evidence or asserted particular facts in support of his "motion." In any event, no verified motion to recuse was filed. *See* TEX. R. CIV. P. 18a(a).

In a criminal case, as in a civil case, the trial court has no duty to recuse if a verified motion seeking such relief is not timely filed. *De Leon v. Aguilar*, 127 S.W.3d 1, 5 n.3 (Tex. Crim. App. 2004) (orig. proceeding). Moreover, Rule 18a of the Texas Rules of Civil Procedure sets forth mandatory procedural requirements, and the rule applies equally to criminal cases. *See Ex parte Sinegar*, 324 S.W.3d 578, 581 (Tex. Crim. App. 2010) (citing *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993)); *see also Woolis v. State*, No. 11-23-00018-CR, 2024 WL 1559277, at *2 (Tex. App.—Eastland Apr. 11, 2024, no pet.) (mem. op., not designated for publication). Because Rule 18a's procedural requirements are mandatory, and because Appellant did not properly seek the recusal of the trial court's participation in this case in the trial court below, he has waived and failed to preserve this complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Woolis*, 2024 WL 1559277, at *2.

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS
JUSTICE


October 30, 2025

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.